## ACT RELATING TO DELINQUENT CHILDREN REFORMATORY IN CHARACTER.

Court of Appeals for Richland County.

LEONARD, SUPERINTENDENT, v. LICKER.

Decided, September 11, 1914.

*Constitutional Law—Juvenile Court—Delinquent Child—Section 1652, General Code, Constitutional—Commitment to Reformatory—Sentence Under Section 1681, General Code, as to Felony Charge, Discretionary.*

1. The provisions of the General Code relating to delinquent children are reformatory in their nature and not penal; hence the provisions of Section 1652, General Code, that "where it appears upon the hearing that such delinquent child is sixteen years of age, or over, and has committed a felony" he may be committed to the Ohio State Reformatory, is not unconstitutional.

2. Section 1681, General Code, is discretionary and not mandatory, and a delinquent child, charged with a felony, may be committed as provided in Section 1652, or recognized to the court of common pleas, subject to the requirements of the general criminal laws of the state, at the discretion of the juvenile judge.

*Clarence D. Laylin,* for plaintiff in error.
*Ezra Brudno,* contra.

POWELL, J.; VOORHEES, J., and SHIELDS, J., concur.

The petition in error recites that the court of common pleas for this county, in a proceeding pending therein upon an application by the defendant in error, Barnett Licker, for a writ of habeas corpus on the plaintiff in error, J. A. Leonard, as superintendent of the Ohio State Reformatory, inquiring into the cause of the imprisonment and detention by plaintiff in error of one Samuel Licker, rendered judgment and made final order discharging said Samuel Licker from the custody of the plaintiff in error, and remanding him to the custody of the juvenile court of the county of Cuyahoga, that being the county from which the said Samuel Licker had been committed to the Ohio State Reformatory. The errors complained of are:

*First.* That the court of common pleas erred in discharging said Samuel Licker from custody.

*Second.* That the judgment of said court is contrary to the law of the land.

*Third.* That the final order made by the said court of common pleas affects the substantial rights of the plaintiff in error as superintendent of said reformatory, in that it interferes with the plaintiff in error in the discharge of the duties imposed upon him by law and by the order of the juvenile court within and for said Cuyahoga county, as set forth in the return filed by him in said proceeding and herein referred to.

A hearing was had upon the petition in error in which two principal contentions were urged:

*First.* That the statute under which the said Samuel Licker was committed to the Ohio State Reformatory was unconstitutional, in that no provision is made therein for indictment by the grand jury and trial to a jury as provided by law.

*Second.* That the statute itself does not authorize the commitment of juvenile delinquents between the ages of 16 and 17 years to the said Ohio State Reformatory.

Upon examination of the statutes the court has arrived at the conclusions following:

*First.* That the statute authorizing such commitment is not unconstitutional.

*Second.* That the said Ohio State Reformatory is not exclusively a place for the punishment of criminals.

*Third.* That the proceedings under the acts relating to juvenile delinquents are not criminal in their nature, but are intended to be and are reformatory.

*Fourth.* That the objects of the Ohio State Reformatory, in addition to being a place of detention for criminals, and therefore a prison as to such persons, are reformatory as to any other class of persons than criminals that may be authorized by law to be committed thereto.

*Fifth.* That the said Samuel Licker was ordered to be confined in the Ohio State Reformatory by the juvenile court of Cuyahoga county, Ohio; that he was between 16 and 17 years of age; that he was found by said court to be a delinquent, and that

he had committed an act that would constitute a felony when committed by a person of full age, namely, that he was guilty of grand larceny.

By the terms of Section 1652, General Code, a juvenile delinquent, "where it appears upon the hearing that such delinquent child is sixteen years of age, or over, and has committed a felony," may be committed to the Ohio State Reformatory.

Section 1681 provides that:

"When any information or complaint shall be filed against a delinquent child under these provisions, charging him with a felony, the judge may order such child to enter into a recognizance, * * * for his appearance before the court of common pleas at the next term thereof. The same proceedings shall be had thereafter upon such complaint as now authorized by law for the indictment, trial, judgment and sentence of any other person charged with a felony."

This statute is not mandatory in its character, requiring the court to order such child to be sent to the court of common pleas to be there dealt with as provided by law for persons charged with crime. It is merely permissive, and its provisions are not confined to delinquent children between the ages of 16 and 17 years, but apply to any and all delinquent children who may be charged with a felony, without reference to the age of such delinquent.

This statute is not in conflict with the provisions of Section 1652. Section 1652 provides a different place for the confinement of delinquent children over 16 years of age from the places of confinement to which all other delinquent children may be committed, namely, to the Ohio State Reformatory. Section 1681 provides that delinquent children of any age charged with a felony may be indicted and subjected to the provisions of the general criminal statutes and punished as may be provided therein.

The said Samuel Licker was committed to the Ohio State Reformatory under the provisions of Section 1652, the court in that case exercising its discretion as to the place of commitment. A large discretion is given to the juvenile court in the

handling of delinquent children. This must necessarily be so because of the great variety of circumstances in which such delinquency appears.

It has been held by the Supreme Court of the state of Ohio with reference to the constitutionality of certain sections providing for the commitment of children now known in the statutes as delinquent children, that "It is neither a criminal prosecution, nor a proceeding according to course of the common law, in which the right to a trial by jury is guaranteed. The proceeding is purely statutory; and the commitment, in cases like the present, is .not designed as a punishment for crime, but to place minors of the description, and for the causes specified in the statute, under the guardianship of the public authorities named, for proper care and discipline, until they are reformed, or arrive at the age of majority. The institution to which they are committed is a school, not a prison; nor is the character of their detention affected by the fact that it is also a place where juvenile convicts may be sent, who would otherwise be condemned to confinement in the common jail or the penitentiary."

This language is a part of the opinion of White, J., as found in *Prescott* v. *The State*, 19 Ohio St., 184, 187, and the same was said with reference to a minor who was committed to the boys' industrial school, then called "The Reform Farm," for an act which, committed by an adult or a person beyond the age of commitment to such reform farm, would have constituted a felony for which he would have been confined in the penitentiary.

This, as we view it, is applicable to the case at bar. The Ohio State Reformatory is a prison for persons who are convicted of felonies and committed thereto upon a sentence of the court following such conviction; but for delinquent children who may be committed thereto after having committed an act constituting a felony it is only a school or place of reformation. It is what its name imports, a reformatory. The case just cited sustains the position of the court in this regard.

We think further that the Supreme Court has affirmed its view of the law relating to such matters in the case of *The Cin-*

*cinnati House of Refuge* v. *Ryan*, 37 Ohio St., 197. In that case it was said by Judge Johnson, page 203:

"The commitment is not designed as a punishment for crime, but to place destitute, neglected and homeless children, and those who are in danger of growing up as idle and vicious members of society, under the guardianship of the public authorities, for their proper care, and to prevent crime and pauperism. As to such infants, it is a home and a school, not a prison."

This more clearly defines the nature of institutions of this kind.

We think that the distinctions drawn in each of these two cases relate equally well to the case at bar, that the Ohio State Reformatory is not intended exclusively as a place of confinement for criminals, and that upon the passage of proper statutes for that purpose it may be made a place of confinement for juvenile delinquents who may be in need of reformation, as seems to have been true in the case at bar.

For these reasons we are of the opinion that the statute is constitutional, that in proceedings under the juvenile delinquent acts there is no right to a trial by jury in which the accused should have the right to face the witnesses and such other rights as are guaranteed by the Constitution, and that they may be sent by summary proceedings to said reformatory, as a means to their reformation and not for punishment.

The judgment of the court of common pleas will be reversed, and the court, proceeding to render the judgment that should have been rendered in the court below, dismisses the application for a writ of habeas corpus and renders judgment in favor of plaintiff in error.

Judgment reversed and judgment for plaintiff in error.