Shohl, P. J.
(orally). This action is in habeas corpus. It .is charged that the sheriff of Hamilton county, Ohio, unlawfully restrains Frank Pharr of his liberty.
In habeas corpus.
The sheriff has filed an answer alleging his election and qualification as sheriff, and states that he holds the petitioner by virtue of a sentence of the court of common pleas of Hlamilton county, wherein it was ordered that the petitioner be imprisoned in the Ohio State Reformatory at Mansfield, Ohio, for an indeterminate period,
*466 This court heard evidence. It appears that the petitioner was indicted by the grand jury of Hamilton county, Ohio, for assult with intent to kill, committed in November, 1918. He was convicted after a jury trial. In the course of the trial he took the witness stand, and was asked his age, and he said that he was 17 years old. No other mention of his age was made until the motion for a new trial was filed, and the point was made there that the court was without power to try' the defendant. No error proceedings have been taken from the judgment, but the limitation of time for such proceedings has not expired.
Petitioner was never taken 'before the juvenile court, and claims that under Section 1659, General Code, the court of common pleas was without jurisdiction to try him. That section is as follows:
“'"When a minor under the age of eighteen years is arrested, such child, instead of being taken before a justice of the peace or police judge, shall be taken directly before such juvenile judge; or, if the child is taken before a justice of the peace or a judge of the police court, it shall be the duty of such justice of the peace or such judge of the police court, to transfer the ease to the judge exercising the jurisdiction herein provided. The officers having such child in charge shall take it before such judge, who shall proceed to hear and dispose of the case in the same manner as if the child had been brought before the judge in the first instance.”
Prosecuting attorneys, representing the sheriff, offered evidence that when petitioner was arrested and brought to the jail he gave his age as 18; that he was released on bail, and afterwards brought back, and at that time gave his age as 19. Petitioner’s age is disputed.
It is clear that proceedings in habeas corpus will not be allowed to take the place of error proceedings. If the judgment in the criminal case was erroneous, but not absolutely void, it is not to be collaterally attacked. In re Harry Allen, 91 Ohio St., 315.
Aside .from the question of the right of this court to determine controversies of this character, there is an important question of judicial policy. The Supreme Court of the United *467 States has decided a number of important cases raising the question as to how far the court will go in habeas corpus proceedings. The rule is laid down that, 'barring exceptional cases, the hearing is confined to the single question of jurisdiction, and even that will not be decided in every case. Henry v. Henkel, United States Marshal, 235 U. S., 219.
At page 228 of the Henkel case, the court say:
“To establish a general rule that the courts on habeas corpus, and in advance of trial, should determine every jurisdictional question would interfere with the administration of the criminal law and afford a means by which, with the existing right of appeal, delay could be secured when the Constitution contemplates that there shall be a speedy trial, both in the interest of the public, and as a right to the defendant.
“The question has been before this court in many cases — some on original application and others on writ of error; in proceedings which began after arrest and before commitment; after commitment and before conviction; after conviction and before review. The applications were based on the ground of the insufficiency of the charge, the insufficiency of the evidence, or the unconstitutionality of the statute, stat.e or federal, on which the charge was based. In some of the cases the applicants have advanced the same arguments that are here pressed, including that of the hardship of being taheu to a distant state for trial upon an indictment alleged to be void.
“But in all these instances, and notwithstanding the variety of forms in which the question has been presented, the court, with the exceptions named, has uniformly held that the hearing on habeas corpus is not in the nature of a writ of error nor is it intended as a substitute for the functions of the trial court. Manifestly, this is true as to disputed questions of fact, and it is equally so as to disputed matters of law, whether they relate to the sufficiency of the indictment or the validity of the statute on which the charge is based. These and all other controverted matters of law and fact are for the determination of the trial court. If the objections are sustained or if the defendant is acquitted he will be discharged. If they are overruled and he is convicted, he has his right of review.”
The federal rule is enlarged upon in the following cases: Frank v. Mangum, 237 U. S., 309; Urquhart v. Brown, 205 U. S. 179; Markuson v. Boucher, 175 U. S., 184; Tinsley v. *468 Anderson, 171 U. S., 101, 105; Baker v. Grice, 169 U. S., 284, 291; Whitten v. Tomlinson, 160 U. S., 231, and Ex parte Royall, 117 U. S., 241, 251.
“Habeas corpus proceeding is a collateral attack of a civil nature to impeach the validity of a judgment or sentence of another court in a criminal proceeding, and it should, therefore, be limited to cases in which the judgment or sentence attacked is clearly void by reason of its having been rendered without jurisdiction, or by reason of the court’s having exceeded its jurisdiction in the premises.” In re Frederich, 149 U. S., 70, 76.
If after a defendant has been convicted in the court of common pleas, this court were to entertain petitions for habeas corpus, to determine whether or not the petitioner was of legal age, it might be used as a substitute for the functions of the trial court. Such controverted matters of fact can best be determined there.
There are no exceptional circumstances shown in the Case at bar to take it out of the rule laid down by the Supreme Court.
This ease, however, raises an important question in regard to the prosecution of offenders under the age of 18 years.
Counsel for petitioner cites and relies on the case of State of Ohio v. Joiner et al., 20 N. P., (N. S.), 313, a decision of the common pleas court of Geauga county. In that case Ray Joiner, a child under 18 years of age, was indicted for murder. He was bound over to the grand jury by a justice of the peace. A plea in abatement was filed alleging him to be under 18 years of age, and this was admitted by demurrer. The court decided that by reason of the juvenile court law it was necessary that the ease be first sent to the juvenile court, and that unless the juvenile judge sent the case to the grand jury he could not properly be indicted. The court in its opinion uses such phrases as “the sound discretion of the juvenile judge is prerequisite to the vesting of jurisdiction in the common pleas court.” This, of course, was not necessary to the decision of the case, which would have been correctly decided if the matter was not jurisdictional, but involved merely the proper procedure for the procuring of an indictment.
*469 If the defendant in the original criminal case had followed the procedure of counsel for defendant in the Joiner case, the court might have dismissed him and ordered him sent to the juvenile court.
The juvenile court law is in accordance with the trend of the best modem sociological and juristic thought, and this court would be slow to destroy or weaken the powers of that court.
It is not necessary for us to decide in this case whether under the juvenile court law a proper indictment can be had against a juvenile unless a juvenile judge in his discretion has directed it. It may- be improper for us to decide the point at all, but this court wishes, to be clearly understood in saying that it does not now decide that action by a juvenile judge is unnecesary.
The court of common pleas under the constitution and statutes has jurisdiction to hear and determine criminal cases, and if a juvenile is to be tried for such an offense as that named in the indictment a trial in the court of common pleas is undoubtedly proper. Leonard, Supt., v. Licker, 3 Ohio App., 377. 23 C.C.(N.S.), 442.
Section 1681, General Code, is as follows:
“When any information or complaint shall be filed against a delinquent child under these provisions, charging him with ]a felony, the judge may order such child to enter into a recognizance, with good and sufficient surety, in such amount as he deems reasonable, for his appearance before the court of common pleas at the next term thereof. The same proceedings shall be had thereafter upon such complaint "as now authorized by law for the indictment, trial, judgment and sentence of any other person charged with a felony.”
Whether a proper procedure was had in procuring the indictment is a different question, and one that should not be decided collaterally in this proceeding. It could be decided 'on error in the same way in which the questions were raised in the ease of Rogers v. The State, of Ohio, 87 Ohio St., 308. The court there decided that before "a prosecution in the probate court in certain cases could be instigated it must be founded *470 upon an information. If the defendants in those eases, instead of proceeding in error, had attacked the judgments collaterally in habeas corpus, no doubt the court, like the Supreme Court of the United States, would have refused to consider the habeas corpus unless exceptional circumstances were shown, and would have relegated the litigants to ordinary procedure.
The writ will be denied.
Hamilton and Cushing, JJ., concur.