IN THE MATTER OF GANTT.

[Cite as In re Gantt (1978), 61 Ohio App. 2d 44.]

(No. WD-77-42—Decided February 17, 1978.)

*Mr. William N. Merrell*, for appellant, Timothy Gantt.
*Ms. Betty Montgomery*, for appellee, the state of Ohio.

BROWN, J. Timothy Gantt, a juvenile aged 16 years, appeals from a final judgment of the Common Pleas Court of Wood County, Juvenile Division, entered August 5, 1977, finding that he committed the offense alleged in the complaint and that he is a delinquent child within the meaning of the Ohio Revised Code, and committing him to the permanent custody of the Ohio Youth Commission.

The Juvenile Court's adjudication that appellant was a delinquent child was based upon an amended complaint supported by proof that appellant Gantt was a delinquent child in that on or about June 2, 1977, he engaged in sexual conduct with Linda F. Champion, not his spouse, by force or threat of force, in violation of R. C. 2907.02 (A) (1). Proceedings were commenced pursuant to R. C. 2151.27, and 2151.02, and Juvenile Rule 10 (B).

The complaint was filed on June 2, 1977. On June 29, 1977, pursuant to Juvenile Rule 30 (A), the Juvenile Court held a preliminary hearing and found probable cause to believe that appellant committed the act alleged in the amended complaint and that such act, if committed by an adult, would be a felony. A mental and physical examination was ordered pursuant to Juvenile Rule 30 (B). It was ordered

that appellant be held at the Juvenile Court Center pending a further hearing, pursuant to Juvenile Rule 30 (D).

At the probable cause hearing on June 29, 1977, only the victim, Linda Champion, testified. She was subjected to a thorough cross-examination by appellant's counsel, covering forty pages of the transcript.

On August 5, 1977, at the adjudicatory hearing before the same judge, the state presented no further evidence, other than what had been produced at the probable cause hearing, and rested. Next, the appellant's motion for a directed verdict of acquittal was denied. Then, appellant testified in his own defense and his counsel presented the testimony of three other witnesses. These four witnesses testified fully on direct and cross-examination and their testimony covered forty eight pages of transcript.

Upon the evidence produced at the June 29th probable cause hearing and at the August 5th adjudicatory hearing, the Juvenile Court adjudged Timothy Gantt a delinquent child.

In his first assignment of error, appellant contends:

"Defendant-appellant was denied due process of law in that his constitutional rights of confrontation and cross-examination were eliminated by the trial judge using evidence adduced at a probable cause hearing, but not presented at the adjudicatory hearing."

In resolving the foregoing assignment of error, the following relevant portions of seven Juvenile Rules should be considered. Juvenile Rules 1, 2, 3, 27, 29, 30, and 45 read, in part, as follows:

"Rule 1. Scope of Rules: applicability; construction; exceptions***

"(B) Construction. These rules shall be liberally interpreted and construed so as to effectuate the following purposes:

"(1) to effect the just determination of every juvenile court proceeding by ensuring the parties a fair hearing and the recognition and enforcement of their constitutional and other legal rights;

"(2) to secure simplicity and uniformity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay;***."

"Rule 2. Definitions

"As used in these rules:

"(1) 'Adjudicatory hearing' means a hearing to determine whether a child is a***delinquent,***."

"Rule 3. Waiver of rights.

"A child's right to be represented by counsel at a hearing to determine whether the juvenile court shall relinquish its jurisdiction for purposes of criminal prosecution may not be waived. No other right of a child may be waived without the permission of the court."

"Rule 27. Hearings: general.

"The juvenile court may conduct its hearings in an informal manner and may adjourn such hearings from time to time.***"

"Rule 30. Relinquishment of jurisdiction for purposes of criminal prosecution.

"(A) Preliminary hearing. In any proceeding where the court may transfer a child fifteen or more years of age for prosecution as an adult, the court shall hold a preliminary hearing to determine if there is probable cause to believe that the child committed the act alleged and that such act would be a felony if committed by an adult.***

"(D) Retention of jurisdiction. If the court retains jurisdiction, it shall set the proceedings for hearing on the merits."

"Rule 29. Adjudicatory hearing.

"(A) Scheduling the hearing. The date for the adjudicatory hearing shall be set when the complaint is filed, or as soon thereafter as is practicable.***"

"Rule 45. Procedure not otherwise specified.

"If no procedure is specifically prescribed by these rules, the court shall proceed in any lawful manner not inconsistent therewith."

We should also consider that the judge, as well as defense counsel and the assistant prosecutor, proceeded at the adjudicatory hearing of August 5th as if all of the evidence produced by the state at the June 29th probable cause hearing was part of the record for consideration in determining appellant's delinquency. This is reflected in the transcript at the beginning of the adjudicatory hearing by the following excerpted dialogue and proceedings:

"The court:***

"Now, again, I would indicate for the benefit of the record, the prosecutor's testimony has been taken and do you have any more to present at this time?

"Ms. Montgomery: No, your Honor.

"The Court: You want to present your case, Mr. Bachman?

"Mr. Bachman: For the record, your Honor, since I assume the state has rested at this point—

"Ms. Montgomery: Yes, sir.

"Mr. Bachman: We would ask the Court for a directed verdict on the basis that the defendant's guilt has not been proved beyond a reasonable doubt.

"The Court: That will be denied.

"Mr. Bachman: We would call as our first witness—one moment please.***"

At the close of the evidence, after four defense witnesses had testified, counsel for appellant gave a final summation which thoroughly analyzed all the evidence relevant to the adjudicatory hearing and the integral ingredient of determining delinquency by the Juvenile Court. In this final summation, the appellant's counsel referred to the evidence produced by the state via the victim, Linda Champion, at least five times. His argument, contending that the appellant was innocent, is bottomed largely upon the alleged weakness of the testimony of Linda Champion.

The record amply demonstrates that appellant's counsel at the August 5th adjudicatory hearing did not object to a consideration by the court of the evidence at the earlier probable cause hearing. The appellant, through his legal counsel, intentionally relinquished, *i.e.,* waived, any right to compel Linda Champion, the victim, to testify a second time at the adjudicatory hearing after she had once fully testified at the earlier probable cause hearing. This waiver by acts and course of conduct is also fortified by the final summation of appellant's counsel when he repeatedly referred to the testimony of the victim given only at the probable cause hearing. Moreover, the testimony of the victim remained so unshaken by the thorough cross-examination of appellant's counsel at the probable cause hearing that no strategic or tac-

tical advantage would have been gained by appellant in having Linda Champion testify again at the adjudicatory hearing.

Moreover, if appellant's counsel had deemed it advantageous to have the victim Linda Champion testify again at the adjudicatory hearing, he could have issued a subpoena for her to appear.

Thus, the course of conduct of all participants involved in the trial proceedings constitutes a waiver rising to the status of a stipulation by appellant's counsel and the state that the evidence at the probable cause hearing was incorporated in and made a part of the August 5th adjudicatory hearing, just as effectively as if appellant's counsel had expressly so stipulated.

The legal conclusion is therefore apparent. The appellant had his constitutional rights to confrontation and cross-examination and all his "due process of law" and other constitutional rights fully accorded within the parameters of *In re Gault* (1967), 387 U. S. 1, which mandates the following standards:

(1) written notice of the specific charge or factual allegations, given to the juvenile and his parents or guardian sufficiently in advance of the hearing to permit preparation; (2) notification to the juvenile and his parents of the juvenile's right to be represented by counsel retained by them, or, if they are unable to afford counsel, that counsel will be appointed to represent the juvenile; (3) application of the constitutional privileges against self-incrimination; and (4) absent a valid confession, a determination of delinquency and an order of commitment based only on sworn testimony subjected to the opportunity for cross-examination in accordance with constitutional requirements.

An adjudicatory hearing in a Juvenile Court is not required to conform to all the requirements of a criminal trial for adults in order to comply with due process of law. As a corollary, an adjudicatory hearing may include evidence introduced at an earlier probable cause hearing if counsel for the juvenile by his acts and conduct so agrees or intends. *McKeiver* v. *Pennsylvania* (1971), 403 U. S. 528; *In re Winship* (1970), 397 U. S. 358; *In re Gault, supra; Leonard* v. *Licker* (1914), 3 Ohio App. 377.

In harmony with the constitutional standards set forth in the *Gault* and *Winship* cases, Juvenile Rules 1 (B) and 45 grant wide latitude to the Juvenile Court concerning procedure which authorizes the Juvenile Court, upon the retention of jurisdiction under Juvenile Rule 30 (D) in a delinquency proceeding, to schedule an adjudicatory hearing pursuant to Juvenile Rule 29 (A), at which the Juvenile Court may consider and record, as a part of such hearing, the evidence adduced at the probable cause hearing conducted under Juvenile Rule 30 (A). Therefore, the first assignment of error is not well taken.

The second and third assignments of error challenge the sufficiency of the evidence at the adjudicatory hearing to support the adjudication of delinquency. Our conclusion on the first assignment of error that Linda Champion's testimony at the probable cause hearing is a part of the adjudicatory hearing compels a conclusion that the record at the adjudicatory hearing contains ample evidence to support a finding beyond a reasonable doubt that Timothy Gantt was a delinquent child.

Therefore, the second and third assignments of error are not well taken. The judgment of the Wood County Common Pleas Court, Juvenile Division, is affirmed.

*Judgment affirmed.*

CONNORS J., concurs.
POTTER, P. J., dissents.

POTTER, P. J., dissenting. The instant case involves two separate hearings which were conducted pursuant to two distinct Juvenile Rules. The first hearing which was conducted on June 29, 1977, was held in accordance with Juvenile Rule 30 for purposes of determining whether there existed probable cause to believe that the juvenile committed the act alleged and whether such act would be a felony if committed by an adult. Retaining jurisdiction pursuant to Juvenile Rule 30 (D), the court conducted a Rule 29 adjudicatory hearing on August 5, 1977, wherein the issue of the delinquency of Timothy Gantt was raised for the first time. The Rule 29 adjudicatory hearing was the first and only point at which the prosecution was held to the standard of proof beyond a reasonable doubt.

50

Juvenile Rule 30 (A) specifically states that, "the court shall hold a preliminary hearing to determine***probable cause***."

Paragraph (D) provides that, "If the court retains jurisdiction, it shall set the proceeding for hearing on the merits." Cf. *State* v. *Carmichael* (1973), 35 Ohio St. 2d 1.

*In re Becker* (1974), 39 Ohio St. 2d. 84, holds that an order pursuant to R. C. 2151.26, transferring a child to the Court of Common Pleas for criminal prosecution, is not a final appealable order. There is no finding in a R. C. 2151.26, or Juvenile Rule 30 proceeding that the child is delinquent.

At the adjudicatory hearing, under Juvenile Rule 29, the prosecution presented no evidence and relied on the evidence presented to the same judge during the preliminary hearing. However, the testimony of the complaining witness was not presented in any form and the trial judge relied on his memory. See *State* v. *Carmichael, supra,* at page 7, as follows:

"We are in complete agreement that at the adjudicatory stage the use of clearly incompetent evidence to prove a youth's involvement is not justifiable. See *In re Agler* (1969), 19 Ohio St. 2d. 70."

The distinction between preliminary hearings and trials on the merits has been recognized in adult criminal proceedings through case law, and R. C. 2945.49 provides that testimony adduced at a preliminary hearing can be used in a later adjudicatory hearing if and only if extreme circumstances are present which prevent the witness from retestifying at the later hearing.

Juvenile Rule 1 (B) provides:

"Construction. These rules shall be liberally interpreted and construed so as to effectuate the following purposes:

"(1) to effect the just determination of every juvenile court proceeding by ensuring the parties a fair hearing and the recognition and enforcement of their constitutional and other legal rights;***."

The juvenile's right to an adjudicatory hearing wherein the prosecution is put to its proof beyond a reasonable doubt is so fundamental that it cannot be waived. Nor can that right be satisfied by a hearing wherein the prosecution rests solely on the proof adduced at a prior Juvenile Rule 30 probable cause

hearing, but not presented in any acceptable way at a Juvenile Rule 29 hearing.

For these reasons, I find appellant's first assignment of error to be well taken and would remand the cause for an adjudicatory hearing in compliance with Juvenile Rule 29.