*AYRES v. HARNESS.        [368

*Seal and Signature in Blank.*

.An obligation to pay money written over a signature and seal made in blank is not operative.

THIS was an action of debt brought upon a sealed bill, and the ·case made by the pleadings and submitted for the decision of the court was as follows :

The defendant, Harness, being indebted to the plaintiff a sum of money, the exact amount of which was not ascertained, made his seal and wrote his name in connection with it, upon a blank sheet of paper, and authorized the plaintiff to write over it a note ·for the sum found to be due, and the subscribing witness attested this sealing and subscribing. The paper thus signed and sealed was delivered to the plaintiff an entire blank, who wrote over it, ·the note upon which the suit was brought, for the sum due, according to his agreement, which it appeared was by parol.

The cause was originated in Ross county, and was adjourned here for decision from the supreme court sitting in that county.

BOND and CREIGHTON, for the plaintiff:

It is well settled that if a person write his name on a blank paper, and deliver it to a third person, to write a promissory note over the signature, such note is obligatory upon the maker, although written when he was not present, and never after assented to by him. Doug. 514 ; 5 Cranch, 142.

This is but a promissory note, and its character is not varied by the fact that it is written over a signature to which a seal is :attached.

Bonds executed in blank have been held to be the deeds of the ·person executing them. 9 Cranch, 28 ; 5 Mass. 538. It can not be material whether the name be written upon an entire blank, or, :as in the cases cited, subscribed when some material part of the body of the instrument was to be filled up.

379

LEONARD, for the defendant:

The writing upon which this action is brought is a deed, and is
369] therefore entirely distinguishable from bills of *exchange
and promissory notes. By the commercial law these may be writ-
ten over a signature upon a carte blanche, and will be binding.

Notes thus executed are mere evidences of parol contracts, and
when declared on, and produced at the trial, they are only received
as evidence. When the manner of their execution comes to be
explained orally, the explanation is perfectly consistent, with their
nature and object. The whole testimony only makes out one en-
tire contract by parol.

A deed stands upon a different doctrine; it must be written,
sealed, and delivered. "If," says Sheppard in his Touchstone,
page 54, "a man seal and deliver an empty piece of paper, or
parchment, albeit he do there withal give commandment that an
obligation or other matter shall be written in it, and this is accord-
ingly done, yet this is no good deed."

The case here put, is the very case before the court, and if the
plaintiff recover, it must be because this ancient doctrine is over-
ruled. No authority of this kind has been produced. The cases
from 9 Cranch and 5 Mass. are of a different character. In these
cases bonds were written and only left blank in some one particu-
lar. In the latter case, the court say expressly that the bond
would have been good, if the blank had not been filled up. In
the first a new obligor was substituted by erasing the name of one
of the original obligors, both in the signature to, and body of the
bond. This was done with the consent of the other obligors, and
the court held that the bond was not thereby destroyed as to the
other obligors. In these cases no just inference can be deduced
that a seal and signature to a blank paper could warrant a third
person to write a bond over them.

BRUSH and FITZGERALD, on the same side:

If parties can seal and deliver a carte blanche that will bind
them in one case, it must by the same rule bind them in every
other; not only a note for money, but indentures of lease, deeds of
conveyance, bonds for the sale of real estate, may be thus exe-
cuted, and the whole doctrine of deeds may be subverted. The
plaintiff's counsel admit that their doctrine ought not to prevail
with respect to deeds for land; upon what principle do they make

a distinction? The *seal binds for the payment of money [370 absolutely; the consideration can not be controverted. So the conveyance of land transfers the title absolutely. The same consequence and conclusion are involved in both cases. And the law must be the same as to both. A parol agreement may be written over a *carte blanche*, but a deed can not be so written. The law has long been so settled, and ought not to be changed.

HAMMOND, in reply:

There is a wide difference between a deed which constitutes a grant, and one which contains an obligation to pay money or to do some other act. In the first case the deed is an effective operative instrument; in the second, it is but the highest evidence of a contract. In both cases the deed is based upon contract, and in some sense is only matter of evidence. But in the first case it transfers rights *per se*, while in the second it evidences an obligation to be thereafter performed. There is a palpable absurdity in treating instruments of writing so distinct and different in their character as of the same class, to be examined and decided by the same rules.

It is conceded that if a man write his name upon a blank paper and deliver it to another, with a verbal authority to write over it a promissory note for the payment of money, and such note is written, the note is valid. This note, it is alleged, is a mere evidence of a parol contract; that in a suit, the contract must be declared on, and the note introduced as evidence, upon which the jury may find the contract.

In considering this argument it must be remembered that negotiable notes import a consideration, and may be declared on without setting out the original contract. In this respect they have the same effect with a specialty, and yet the argument admits that notes of this character written over a signature in blank are obligatory. In the case of Dugan *v.* Campbell, 1 Ohio, 115, this court determined that all promissory notes might be declared upon, as importing a debt, without reference to the original contract. These facts demonstrate that there is no distinction between promissory notes and specialties. The reason which admits or forbids the principle allowing a note to be written over a signature, is the same in both cases.

*The law has determined that certain rights shall be trans- [371

ferred only by a deed in writing, executed in a particular manner. There is strong reason why parol proof should be received of an authority, whereby one man should execute those writings in the name of the other. The authenticity and validity would be placed upon insecure grounds. The very reason of requiring written instruments, executed with peculiar solemnity, would be defeated. Not so where the right may pass, or the obligation be created without any particular solemnity.

A promise to pay money is valid when made by parol, as when made by note under seal. In the latter case the note is evidence of debt, but it is not evidence which can not be defeated by matter *in pais.* As the debt could be created by parol, so an authority to make the written evidence of its creation may rest in parol. No principle is violated; no right endangered; because the whole subject might be created by parol, and be obligatory as if reduced to writing. Neither the writing nor the seal are indispensable to the existence of the right in the person claiming it.

There is no good sense in the distinction between specialties and simple contracts, where they both relate to executory agreements. All the reasons upon which the distinction was originally founded have ceased, and the court ought not to preserve it. There is no necessity for a legislative act to abolish it, any more than there was for overruling the doctrine that a promissory note, not negotiable, could not be declared upon, as of itself importing a debt.

In principle there can be no difference, whether the seal and signature be affixed to a paper entirely blank, or to one in which some material part is blank, and must be filled up before the deed can operate. The opinion of Judge Parsons, 5 Mass. 538, is full to the point, that a party executing a bond, with material blanks in it to be filled up, agrees that this may be done, and that the filling up gives validity to the bond. The cases he refers to support this doctrine, and he certainly adopts it as recognized by the court of Massachusetts. The case is decided upon this ground, although it is added that upon another ground the case was with the plaintiff.

.372]   *By the COURT :

The ancient law was well settled that a valid deed could not be made by writing it over a signature and seal, made upon a blank or an empty sheet of paper. We know of no decision by which

this ancient doctrine is overruled. The case cited by the plaintiff's counsel are of promissory notes not under seal, and of deeds where all the material parts were written at the time of making the signature and seal. They are not analogous. An authority to fill one particular blank falls far short of an authority to make an entire deed. While the distinction between contracts under seal and parol contracts is preserved by our legislature, and by our courts, the different modes of executing them must also be preserved. We are accordingly of opinion that the writing in this case can not be operative, and that the judgment must be for the defendant.