476 P.2d 1006 (1970)
TRAVIS INVESTMENT CO., a partnership, Edith D. Travis and Moss Travis, Plaintiffs in Error,
v.
NATIONAL ACCEPTANCE COMPANY, Smith Investment Company, Jack Smith, Dorothy Smith, Lily Citron, Westland Industrial Bank, the First National Bank of Englewood, Defendants in Error, and
Leo S. Moses, Trustee in Bankruptcy of the Estate of Stanley N. Singer, Bankrupt, Intervenor.
No. 70-369. (Supreme Court No. 23623.)
Colorado Court of Appeals, Div. I.
November 10, 1970.
*1007 Isaacson, Rosenbaum, Goldberg & Miller, Louis G. Isaacson, John S. Pfeiffer, Denver, for plaintiffs in error.
Sobol & Sobol, Denver, for defendant in error, National Acceptance Co.
Sanford B. Hertz, Denver, for defendants in error, Smith Investment Co., Jack Smith and Dorothy Smith.
Edward B. Towey, Denver, and Morgan Smith, Boulder, for defendant in error, Westland Industrial Bank.
Simon, Kelley, Hoyt & Malone, Englewood, for defendant in error, First National Bank of Englewood.
Akolt, Shepherd, Dick & Rovira, Mitchfor defendant in error, Lily Citron.
Benjamin E. Sweet and Gilbert C. Maxell Benedict, III, Denis G. Stack, Denver, well, Denver, for intervenor.
Not Selected for Official Publication.
COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
For the sake of convenience, the parties shall be referred to by name.
Involved herein is a question concerning the interest held by various persons and businesses in certain parcels of real estate. For ease of reference the parcels shall be referred to as the "Seventeenth Street Property," the "Wazee Street Property," the "Jackson Street Property," and the "Colorado Boulevard Property."
By virtue of inheritance from his father Jacob Singer, one Stanley Singer became owner of an undivided fifty percent interest in the Colorado Boulevard Property, his sister, Lily Citron, being the owner of the remaining fifty percent interest. Also, by reason of inheritance and prior ownership Stanley Singer became the owner of an undivided 37½ percent interest in the Jackson Street Property. In addition, Stanley Singer had seventy-five percent ownership in the Wazee Street Property. His wife, Renee Singer, owned twenty-five percent of the Seventeenth Street Property.
On February 29, 1964, Stanley Singer and his wife, Renee, executed a blank deed of trust in favor of Travis Investment Co. as security on a debt. On March 2, 1964, Travis Investment Co. completed this deed of trust by inserting the legal descriptions of all four parcels of real estate in the appropriate space. This instrument was subsequently recorded on April 1, 1964.
On April 28, 1964, Singer conveyed his fifty percent interest in the Colorado Boulevard Property to his sister, Lily Citron.
On July 2, 1964, Westland Industrial Bank recorded a judgment it had obtained against Stanley Singer.
In July 1964, a deed of trust on the Jackson Street Property was executed by Stanley Singer in favor of National Acceptance Company and Smith Investment Company. This was recorded July 24, 1964.
On October 22, 1964, a judgment obtained by The First National Bank of Englewood against Singer was also recorded.
In January 1964, Travis Investment Co. commenced foreclosure proceedings of its deed of trust through the Public Trustee against Singer. In March 1965, Singer was adjudicated a bankrupt and on March 23, 1965, a Public Trustee's sale was held, at which Travis Investment Co. was the highest bidder. No redemption having been made, a Public Trustee's deed was *1008 issued to Travis Investment Co. on October 5, 1965, and recorded that same day.
However, on March 1, 1965, National Acceptance Company and Smith Investment Company, joining Stanley and Renee Singer as involuntary plaintiffs, filed suit against Travis Investment Co. and the Public Trustee of the City and County of Denver, seeking to have the deed of trust executed by Singer in favor of Travis Investment Co. declared void. It also recorded a lis pendens so as to maintain the status quo in the property involved.
Thereafter, Lily Citron filed suit against Travis, the Public Trustee, Stanley and Renee Singer, The First National Bank of Englewood and Westland Industrial Bank, seeking to have her interest in the Colorado Boulevard Property declared superior to all others. Subsequently, The First National Bank of Englewood filed suit against Travis, National Acceptance Company, the Public Trustee, Westland Industrial Bank, Lily Citron, Stanley and Renee Singer, and Smith Investment Company, seeking to have its interest declared superior by virtue of the judgment recorded October 22, 1964. In this action Westland Industrial Bank asserted its priority interest by reason of its judgment recorded July 2, 1964.
On motion by Travis, these three actions were consolidated into one. Travis generally denied the various allegations and asserted that it had authority to enter the property descriptions in the blank deed of trust as it did.
In its findings the trial court held that the Singers had authorized Travis to insert the Wazee and Seventeenth Street Properties in the deed of trust dated February 29, 1964, and recorded April 1, 1964. The trial court also held that since the Jackson Street and Colorado Boulevard Properties were in the estate of Jacob Singer at the time this deed of trust was executed, Stanley Singer had no interest in these two parcels and, therefore, the deed of trust was void as it pertained to these two parcels. For this reason the court concluded:
"For the disposition of this cause it is unnecessary for the Court to make any finding as to whether or not Singer authorized Travis to include in such deed of trust the Jackson Street and Colorado Boulevard Properties."
Later, the trial court amended its judgment holding that Singer did have an interest in these two parcels at the time the deed of trust was executed. However, it did not amend its findings to include a holding as to whether or not Singer had authorized Travis to include the Jackson Street and Colorado Boulevard Properties within the deed of trust.
Therefore, the trial court's original order remained in effect. By its terms, the following interests were decreed:
"(1) That the deed of trust of February 28, 1964, was a valid and operative instrument between Singer and Travis as it affected the Wazee Street and Seventeenth Street Properties.
(2) The deed to the Colorado Boulevard Property from Singer to Citron, recorded on April 29, 1964, conveyed such property unencumbered to Citron * * *.
(3) Priority to the Jackson Street Property is decreed as follows: first, in Westland by virtue of its judgment lien on July 2, 1964; second, in National and Smith by virtue of deeds of trust to them recorded on July 27, 1964; third, in First National Bank of Englewood by virtue of its judgment lien of October 20, 1964."
The question presented on appeal deals with Travis' rights in the Jackson Street and Colorado Boulevard Properties. Travis contends that the trial court erred in not finding that it had a valid interest in this property in addition to the Seventeenth Street and Wazee Street Properties, by virtue of the deed of trust executed February 29, 1964.
As noted above, the trial court specifically avoided the question of whether or not *1009 Travis had the authority to insert the description of these two properties in the deed of trust, proceeding at first on the mistaken assumption that Singer had no conveyable interest in these properties. After correcting this error, the question which should have been answered was whether or not Travis had authority to list these two properties in the deed of trust. Unfortunately, no finding was made pertaining to Travis' authority over these two parcels.
It is urged, however, that the question of whether or not Travis had such authority is irrelevant, because the deed of trust executed in blank is a void instrument as being in violation of the Statute of Frauds and is not validated by the later inclusion of the property description by the holder of such a deed of trust.
We do not agree. A deed of trust is not void merely because the holder of the deed of trust, acting under the directions of the property owner, inserts the legal description of the property in the deed of trust at a later time. If the owner had himself inserted the property description at a later time, there would be no question as to the validity of such a deed of trust. We find little distinction between that situation and one in which an owner might authorize the holder to insert this property description. If the parties to a deed of trust understand what property is to be included, the fact that the description is vague will not void the instrument. In re Decker, D.C., 295 F.Supp. 501. Where a real estate mortgage was executed in blank, it was held valid where the mortgagee was shown to have been granted authority to fill in the property description at a later date. Mazanec v. Lincoln Bonding & Insurance Co., 169 Neb. 629, 100 N.W.2d 881.
In this case we hold that, if Singer gave Travis authority to act for Singers in inserting the property description, then the deed of trust on such property is valid. If no such authority was given, then the deed of trust is void as to that portion which was inserted without authority. However, the trial court did not make a finding of fact as to whether or not Travis had such authority on the two parcels.
For this reason, we remand to the trial court with directions that it enter findings of fact on Travis' authority in this matter and then enter judgment consistent with this opinion and findings to be made by the trial court.
Judgment remanded with directions.
SILVERSTEIN, C. J., and DUFFORD, J., concur.