SECURITY BANK, APPELLEE, *v.*
HAWK, APPELLANT; ZWELLING ET AL.,
APPELLEES.

[Cite as Security Bank *v.* Hawk (1988), 35 Ohio St. 3d 1.]

(No. 87-409—Decided January 6, 1988.)

*David Frey,* for plaintiff-appellee The Security Bank.

*Lavelle, Carson, Lavelle & Lavelle Co., L.P.A.,* and *William A. Lavelle,* for appellant.

*William R. Walker,* for defendants-appellees Zwellings.

WRIGHT, J. The primary question posed by this appeal is whether a mortgage is fatally defective if the parties knowingly leave portions of the mortgage contract blank with an understanding the blank portions will be filled in at a later date. We hold such mortgages are not fatally defective.

The defendant-appellant, Hawk, Jr., states that a deed executed in blank is void. *Ayres* v. *Harness* (1824), 1 Ohio 368, 372. This rule, however, does not apply here because the subject of this action is a mortgage rather than a deed.[1]

This court has not previously determined whether an otherwise validly executed mortgage is unenforceable because the parties agreed to leave blank certain requirements until a later time. One jurisdiction which has addressed this question found such mortgages to be valid and enforceable.[2] We agree.

---

[1] This court has previously distinguished mortgages from deeds. In *Martin* v. *Alter* (1884), 42 Ohio St. 94, 98-99, we recognized this fundamental difference and stated that a mortgage establishes "nothing but an equity in the grantor" rather than an indefeasible title. See, also, *Moore* v. *Lessee of Burnet* (1842), 11 Ohio 334.

[2] *Mazanec* v. *Lincoln Bonding & Ins. Co.* (1960), 169 Neb. 629, 648-649, 100 N.W. 2d 881, 892-893 (where mortgage did

We recognize that information such as the legal description of land to be mortgaged is not always conveniently available at the time of execution. Parties often agree to supply the information subsequent to the execution in the interest of convenience.

In this case, Hawk, Sr. signed a mortgage contract which lacked a legal description of the land to be encumbered. Nevertheless, Hawk, Sr. did in fact receive the loan from The Security Bank. Subsequently, Hawk, Sr. supplied The Security Bank with the missing information as agreed. Neither Hawk, Sr. nor his assignee, Hawk, Jr., made a single payment on the loan. Hawk, Jr. now asks this court to strike down the validity of the mortgage. In the interest of sound public policy, we decline such an invitation. When all parties agree to execute a mortgage contract partially in blank and one or both of the parties do in fact supply the missing information within a reasonable time, the mortgage is valid and enforceable by and between the parties or their assigns.

The only other question posed by this appeal is whether the land contract was breached when Hawk, Sr. mortgaged the property without the consent of the land contract sellers and failed to pay taxes on the property. The Ninth provision of the land contract provides, "[i]t is further understood and agreed that the said buyers shall not sell, assign, or transfer this contract, or any interest therein, or in said premises, without the written consent of the sellers being first obtained and endorsed thereon." The facts indicate the sellers did not give consent, written or verbal, to the mortgage. By negotiating a mortgage without the consent of the sellers when the land contract specifically required such, the buyer breached the land contract. Remedies for such a breach are, of course, limited to the sellers or their assigns.

The Fourth provision of the land installment contract was also breached. That provision provided, "[t]he buyers agree to pay, as the same shall become due and payable, all the taxes, road, street and storm sewer assessments, and all other assessments of every description that may be levied, charged, or assessed against said premises, commencing with taxes and assessments for the calendar year 1967." The record indicates the appropriate taxes were not paid. Failure to pay property taxes constitutes a breach of the land installment contract when the contract requires such payment.[3]

For the foregoing reasons the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

---

not contain a description of realty to be mortgaged but where mortgagor understood and agreed that mortgagee had the authority to fill in description later the mortgage was held valid and enforceable). See, also, *Travis Investment Co.* v. *Natl. Acceptance Co.* (Colo. 1970), 476 P. 2d 1006; *Republic Natl. Bank of Dallas* v. *Strealy* (1961), 163 Tex. 36, 350 S.W. 2d 914 (involving the legal effect of a negotiable instrument where the place of payment had been left blank but was filled in by the holder without the express authority of the maker).

[3] We express no opinion regarding the competing interests of the Zwellings and The Security Bank under the mortgage. The "priority" issue was not a subject of the appeal, and was neither briefed nor presented at oral argument as a controversy for resolution by this court. Appellee notes this controversy has been deferred until after judicial sale of the premises. Therefore, this court declines the opportunity to *sua sponte* address this issue.

MOYER, C.J., SWEENEY, LOCHER and HOLMES, JJ., concur.

H. BROWN, J., concurs in the syllabus and judgment.

DOUGLAS, J., concurs in judgment only.

HERBERT R. BROWN, J., concurring. I join in the judgment and syllabus. However, on the issue before us, I see no distinction between a mortgage deed and other real estate deeds. I believe the majority opinion needlessly puts the law in a state of confusion by indicating that a mortgage deed may be executed partially in blank but that other deeds may not. The ancient holding in *Ayres* v. *Harness* (1824), 1 Ohio 368, cannot be distinguished and should be overruled.