JOURNAL ENTRY AND OPINION
On March 20, 2000, the applicant, Myron Phillips, pursuant to App. R. 26 (B) and State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, applied to reopen this court's judgment in. State of Ohio v. MyronPhillips (July 19, 1999), Cuyahoga App. Nos. 74397, 74398 and 74399, unreported, which affirmed Mr. Phillips' convictions and sentences for drug abuse, aggravated assault and murder with a firearm specification. On April 19, 2000, the State of Ohio filed a brief in opposition. For the following reasons, this court denies the application.
 PROCEDURAL AND FACTUAL BACKGROUND
In the summer of 1994, in In the matter of: Mryon Phillips, Cuyahoga County Common Pleas Court, Juvenile Division, Case No. 9408589, the court found Mr. Phillips to be delinquent and ordered him into the custody of the Ohio Department of Youth Services for a minimum period of six months and a maximum period not to exceed his attainment of the age of twenty-one.[1] Mr. Phillips was subsequently released on juvenile parole. However, in April 1995, a warrant for his arrest was issued for violating that parole. He was never arrested on that warrant.
Later in 1995, he was arrested and charged with drug abuse, aggravated assault and murder. He admits that he was eighteen years old during the commission of those offenses. In October 1995, he pleaded guilty to those charges in common pleas court.
In 1998, this court granted him a delayed appeal and appointed counsel, who submitted the following assignments of error: (1) The plea was not knowingly and intelligently made because Mr. Phillips did not waive the presence of his own counsel. (2) The trial court failed to inform Mr. Phillips of his right to compulsory process. (3) His plea was not knowingly and intelligently made. (4) Mr. Phillips did not receive effective assistance of counsel. This court affirmed on July 19, 1999.
On October 7, 1999, Mr. Phillips filed a pro se notice of appeal to the Supreme Court of Ohio, which denied the appeal on December 23, 1999. Approximately three months later Mr. Phillips filed this application.
 DISCUSSION OF LAW
Mr. Phillips now argues that his appellate counsel was ineffective because he did not challenge the court of common pleas' jurisdiction to hear the present cases. He reasons that because he was still under the juvenile court's sentence and a juvenile court warrant for his arrest was outstanding, he was still under the jurisdiction of the juvenile court. Thus, before the common pleas court could obtain jurisdiction over him, the juvenile court had to relinquish jurisdiction pursuant to R.c. 2151.26 and Juvenile Rule 30.
In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
In Strickland the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland,104 S.Ct. at 2065.
Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen (1996), 77 Ohio St.3d 172, 672 N.E.2d 638.
Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
In the present case Mr. Phillips' argument on ineffective assistance of appellate counsel is not well taken. He fails to establish a genuine issue on the effectiveness of his appellate counsel.
He relies upon State v. Golphin (1998), 81 Ohio St.3d 543,692 N.E.2d 608; State v. Carmichael (1973), 35 Ohio St.3d 1,298 N.E.2d 568, (1974), cert. denied 414 U.S. 1161; State v. Douglas
(1985), 20 Ohio St.3d 34, 485 N.E.2d 711; State v. Wilson (1995),73 Ohio St.3d 40, 652 N.E.2d 196; State v. Neguse (1991),71 Ohio App.3d 596; Gaskins v. Shipley (1995), 74 Ohio St.3d 149,656 N.E.2d 1282; Morrison v. Steiner (1972), 32 Ohio St.2d 86.290 N.E.2d 841 and State v. Newton (June 10, 1983), Fulton App. No. F-82-17, unreported.[2] However, none of these cases rule that an adult who is on juvenile parole and who commits a crime is still under the exclusive jurisdiction of the juvenile court. In all the cited cases which concern the juvenile justice system, all the defendants are juveniles at the time of the commission of the relevant acts.[3] Thus, all the cases are distinquishable. Indeed, Neguse states: "Conversely, if appellant was an adult on January 15, 1990, (the date of the offense) the common pleas court had jurisdiction over him and the juvenile court provisions had no application." Neguse, 71 Ohio App. 3d at 601. Therefore, Mr. Phillips has not established a sound legal basis for his argument. Without such a basis appellate counsel could properly reject the argument in the exercise of his professional judgment.
Moreover, res judicata properly bars this application. See, generally,State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Res judicata
prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated. In Murnahan the supreme court ruled that res judicata may bar a claim of ineffective assistance of appellate counsel unless circumstances render the application of the doctrine unjust.
In the present case Mr. Phillips filed his own appeal to the Supreme Court of Ohio, which denied his appeal. This court has consistently held that such appeals bar claims of ineffective assistance of appellate counsel based on the principles of res judicata. State v. Kaszas (Sept. 21, 1998), Cuyahoga App. Nos. 72546 and 72547, unreported, reopening disallowed (Aug. 14, 2000). Motion No. 16752; State v. Bussey (Dec. 2, 1999), Cuyahoga App. No. 75301, unreported, reopening disallowed (Aug. 8, 2000), Motion No. 16647 and State v. Bluford (Dec. 9, 1999), Cuyahoga App. No. 75228, unreported, reopening disallowed (May 31, 2000), Motion No. 15241. The application of the doctrine in this case would not be unjust.
Accordingly, this court denies the application to reopen.
 ______________________________ JAMES D. SWEENEY, JUDGE.
TERRENCE O'DONNELL. P.J., and TIMOTHY E. McMONAGLE, J. CONCUR.
[1] The papers which Mr. Phillips attached to his application indicate he was born on July 31, 1976.
[2] Mr. Phillips also cites United States Supreme Court cases for various principles of juvenile justice, but those case are not determinative of Ohio jurisdictional law.
[3] Morrison v. Steiner is a contract case which discusses principles of subject matter jurisdiction.