OPINION
The defendant-appellant, Jason L. Ochoa ("the appellant"), appeals the judgment of conviction and sentence of the Putnam County Court of Common Pleas. For the following reasons, we affirm the judgment of the trial court.
The facts and procedural history of the case are as follows. On or about 12:00 a.m. on June 26, 1999, while sitting in his garage watching a fireworks display, Alan Magg noticed a suspicious vehicle parked in his uncle's driveway. Alan's uncle, Harold Magg, lived just a few blocks down the street. Shortly thereafter, Alan noticed the vehicle back out of his uncle's driveway and pull into his parents' driveway, which was located next door. Alan and his friend, Brad Ellerbrock, decided to investigate.
Alan drove his truck to his parents' home and parked behind the vehicle. At the time, the vehicle's engine was running and the lights were off. Alan and Brad entered the garage, whereupon they noticed the door leading into the home had been kicked open. Alan decided to enter the home while Brad stayed outside in the garage. Shortly after entering the home, Alan observed the appellant and two other individuals in his mother's bedroom. The individuals ran from the bedroom, knocking Alan to the floor, and proceeded out into the garage. A short struggle ensued between Brad and two of the individuals. Two of the individuals escaped from the garage. The appellant, while attempting to flee from the garage, was captured by Brad and held until the police arrived. The appellant's accomplices fled the scene in their car. Alan gave chase in his truck but returned home and called the police after the accomplices' vehicle crashed into a ditch.[1]
The appellant, age seventeen at the time of the alleged offense, was originally charged with aggravated burglary under a delinquency complaint, a violation of R.C. 2911.11(A)(1), if committed by an adult. On July 6, 1999, the State of Ohio filed a motion to transfer jurisdiction of the case to the criminal division of the Putnam County Court of Common Pleas. On July 13, 1999, the juvenile court held a hearing to determine if there was probable cause that the appellant had committed the crime which would be considered a felony if committed by an adult. By judgment entry of August 16, 1999, the juvenile court found that probable cause existed to bind-over the appellant. Specifically, the court found that the appellant was sixteen years of age or older at the time of the conduct charged and that there was probable cause to believe the appellant had committed the act charged.
On October 26, 1999, a hearing was held to determine if the appellant was amenable to juvenile treatment or rehabilitation. By judgment entry of November 23, 1999, the juvenile court found the appellant would not be amenable to juvenile treatment or rehabilitation and that the safety of the community required that he be placed under legal restraint, including, if necessary, for the period extending beyond his majority. Thus, the juvenile court bound him over to be tried as an adult by the criminal division of the Putnam County Court of Common Pleas.
On January 5, 2000, the appellant was indicted by the Putnam County Grand Jury on one count of aggravated burglary, in violation of R.C.2911.11(A)(1), a felony of the first degree. The appellant entered a plea of not guilty to the offense.
On March 29, 2000, pursuant to a negotiated plea agreement, the appellant pleaded guilty to one count of burglary, in violation of R.C.2911.12(A)(2), a felony of the second degree. By judgment entry of March 29, 2000, the trial court accepted the appellant's guilty plea and found him guilty of the offense.
A sentencing hearing was held on May 31, 2000. By judgment entry of June 1, 2000, the appellant was sentenced to the maximum term of imprisonment of eight years.
The appellant now appeals, asserting three assignments of error for our review.
 Assignment of Error No. I The Putnam County Juvenile Court's finding to relinquish jurisdiction for the purpose of criminal prosecution was against the manifest weight of the evidence.
 Assignment of Error No. II The Putnam County Juvenile Court's finding to relinquish jurisdiction for the purpose of criminal prosecution was based upon insufficient evidence.
In his first and second assignments of error, the appellant maintains that the juvenile court's decision to bind him over to the criminal division of the court of common pleas was against the manifest weight and sufficiency of the evidence. We note, however, the ultimate decision whether to relinquish jurisdiction over the case lies within the sound discretion of the juvenile court. State v. Carmichael (1973),35 Ohio St.2d 1, paragraphs one and two of the syllabus, cert. denied (1974), 414 U.S. 1161. Because the juvenile court enjoys such wide latitude to retain or relinquish jurisdiction, we need only determine whether the decision to transfer the case to the criminal division of the court of common pleas was an abuse of discretion.
A juvenile court's discretionary authority to transfer cases to the criminal division of the court of common pleas is governed by R.C. 2151.26
and Juv.R.30. R.C. 2151.26 provides, in pertinent part, as follows:
 (C)(1) * * * [A]fter a complaint has been filed alleging that a child is a delinquent child for committing an act that would be a felony if committed by an adult, the court at a hearing may transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense, after considering the factors specified in division
 (C)(2) of this section and after making all of the following determinations:
 (a) The child was fourteen years of age or older at the time of the act charged;
 (b) There is probable cause to believe that the child committed the act charged;
 (c) After an investigation, including a mental examination of the child made by a public or private agency or a person qualified to make the examination, and after consideration of all relevant information and factors, * * * that there are reasonable grounds to believe that both of the following criteria are satisfied:
 (i) The child is not amenable to care or rehabilitation or further care or rehabilitation in any facility designed for the care, supervision, and rehabilitation of delinquent children;
 (ii) The safety of the community may require that the child be placed under legal restraint, including, if necessary, for the period extending beyond the child's majority.
R.C. 2151.26 must be read in conjunction with Juv.R. 30, which provides, in pertinent part, as follows:
 (A) In any proceeding where the court considers the transfer of a case for criminal prosecution, the court shall hold a preliminary hearing to determine if there is probable cause to believe that the child committed the act alleged and that the act would be an offense if committed by an adult. * * *
* * *
 (C) In any proceeding in which transfer of a case for criminal prosecution is permitted, but not required, by statute, and in which probable cause is found at the preliminary hearing, the court shall continue the proceeding for full investigation. The investigation shall include a mental examination of the child by a public or private agency or by a person qualified to make the examination. When the investigation is completed, an amenability hearing shall be held to determine whether to transfer jurisdiction. The criteria for transfer shall be as provided by statute.
Pursuant to R.C. 2151.26(C)(1)(b) and Juv.R. 30(A), on July 13, 1999, a preliminary hearing was held to determine if there was probable cause to believe the appellant had committed the act alleged, aggravated burglary, in violation of R.C. 2911.11(A)(1), and that such act would be a felony if committed by an adult. By judgment entry of August 16, 1999, the juvenile court found the appellant was over the age of fourteen at the time of the offense, that probable cause existed to believe that he had committed the offense, and that the offense would constitute a felony if committed by an adult. In his brief, the appellant essentially contends there was insufficient evidence presented at the preliminary hearing to support the juvenile court's decision.
Ohio's aggravated burglary statute, R.C. 2911.11(A)(1), states, in pertinent part, as follows:
 (A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
 (1) The offender inflicts, or attempts or threatens to inflict physical harm on another[.]
At the hearing on probable cause, evidence was submitted that, if believed, connected the appellant to the crime of aggravated burglary. In particular, there was evidence introduced at the hearing that on June 26, 1999, the appellant and two accomplices, by force, broke into the Magg's residence with the purpose to commit a theft offense. Included in the evidence was the testimony of the homeowners' son, Alan Magg, and his friend, Brad Ellerbrock.
Alan testified that upon entering his parents' garage, he observed that the door leading into the home had been kicked open. Upon entering the home, he observed the appellant and his accomplices in his mother's bedroom. Alan testified that he observed the individuals going through his mother's jewelry box, nightstand, and closet. Alan asked the individuals what they were doing, to which one of them responded, "what do you think you [sic] we're doing?" Alan testified that the three individuals then charged at him, knocking him to the floor.
Brad Ellerbrock testified that he observed the individuals through the front plate glass window running through the home in the direction of the garage. Brad entered the garage and closed the door behind him. Upon confronting the individuals in the garage, a struggle ensued. Alan testified that "they all three went running at [Brad] and they all started swinging and kicking and everything else * * *." The appellant, while attempting to flee from the garage, was captured by Brad and held until the police arrived.
We find the foregoing evidence affirmatively demonstrates that probable cause existed to believe the appellant had committed the act alleged in the delinquency complaint, and that such act constituted a felony if committed by an adult. Therefore, after reviewing the record, we cannot say that the juvenile court's decision to relinquish jurisdiction and permit the State to prosecute the appellant as an adult was unreasonable, arbitrary, or unconscionable.[2]
Accordingly, the appellant's first and second assignments of error are overruled.
 Assignment of Error No. III The Putnam County Common Pleas Court erred in sentencing Appellant to the maximum term.
In his third and final assignment of error, the appellant maintains the trial court erred in imposing the maximum sentence. Specifically, the appellant asserts that the seriousness and recidivism factors of R.C.2929.12 do not support the imposition of a maximum sentence.
According to R.C. 2953.08(G)(1), this court has the authority to vacate a sentence and remand it to the trial court for the purpose of resentencing if we clearly and convincingly find that: "(a) the record does not support the sentence; * * * [or] (d) * * * the sentence is otherwise contrary to law." Herein, the appellant argues the maximum sentence is not supported by the evidence contained in the record. For the following reasons, we find otherwise.
Initially, we note that Senate Bill 2 requires a court that sentences a felony offender to be guided by the overriding purposes of felony sentencing, which are protecting the public from future crime and punishing the offender. R.C. 2929.11(A). Additionally, the court must impose a sentence "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).
In the case herein, the appellant pleaded guilty to one count of burglary, a felony of the second degree. See R.C. 2911.12(C). A trial court may impose a term of imprisonment of two to eight years for a felony of the second degree. See R.C. 2929.14(A)(2). The appellant was sentenced to the maximum term of imprisonment of eight years.
Under Ohio felony sentencing law, a trial court must make certain findings prior to sentencing a defendant to a maximum sentence. R.C.2929.14(C) states, as follows:
 Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
Pursuant to R.C. 2929.19(B)(2)(d), when a maximum sentence is imposed under R.C. 2929.14, the trial court also must set forth its reasons for imposing the maximum sentence.
This Court has repeatedly held that "it is the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.14, and 2929.19 which in effect, determine a particular sentence and that a sentence unsupported by these findings is both incomplete and invalid." State v.Bonanno (June 24, 1999), Allen App. No 1-98-59 and 1-98-60, unreported; see, also, State v. Martin (2000), 136 Ohio App.3d 355. A trial court must strictly comply with the relevant sentencing statutes by making such findings on the record at the sentencing hearing and, when required, must set forth its reasons for imposing a particular sentence. Bonanno,supra, at 6.
In the case before us, the transcript of the sentencing hearing reveals that the trial court did find, on the record, that the appellant had committed the worst form of the offense and that he posed the greatest likelihood of committing future crimes. The transcript of the hearing also reveals the trial court properly considered the seriousness and recidivism factors of R.C. 2929.12 in support of its reasons for imposing the maximum sentence.
Although the appellant argues the trial court's findings with respect to the seriousness and recidivism factors of R.C. 2929.12 are unsupported by the record, we find otherwise. Having conducted a thorough review of the record in this matter, we cannot say, by clear and convincing evidence, the record does not support the maximum sentence. For all of the foregoing reasons, we find no merit to the appellant's assignment of error.
Accordingly, the appellant's third assignment of error is not well-taken and is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
 ________________________ HADLEY, P.J.
WALTERS and BRYANT, JJ., concur.
[1] According to Alan's testimony, while giving chase he noticed that the individuals had a firearm in the vehicle. Alan testified at the probable cause hearing that he was fired upon on two occasions while pursuing the vehicle.
[2] We also note that the juvenile court complied with all of the requirements of R.C. 2151.26 and Juv.R. 30.