THE STATE OF OHIO, APPELLANT, *v.* DOUGLAS, APPELLEE.

[Cite as State *v.* Douglas (1985), 20 Ohio St. 3d 34.]

(No. 84-1806—Decided November 20, 1985.)

*John J. Plough,* prosecuting attorney, and *Barbara Watson,* for appellant.

*Blakemore, Rosen, Meeker & Varian Co., L.P.A., Michael B. Bowler, Donald S. Varian, Jr., Del Guzzi & Scavdis* and *Antonios C. Scavdis,* for appellee.

*Per Curiam.* The issue presented in this appeal is whether the bind-over of appellee was properly accomplished in compliance with R.C. 2151.26 and Juv. R. 30. We find that the bind-over was properly ordered, and thus we reverse the decision of the court of appeals.

R.C. 2151.26 and Juv. R. 30 set forth the procedure to be followed by a juvenile court in a bind-over situation. R.C. 2151.26(A)[1] lists the determinations required to be made by the juvenile court before jurisdiction over a juvenile delinquent can be relinquished to the general division. Subdivision (3)(a) of this section requires, *inter alia,* a determination by the court that there are reasonable grounds to believe that: "He [the child] is not amenable to care or rehabilitation or further care or rehabilitation in

---

[1] R.C. 2151.26(A) reads:

"After a complaint has been filed alleging that a child is delinquent by reason of having committed an act that would constitute a felony if committed by an adult, the court at a hearing may transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense, after making the following determinations:

"(1) The child was fifteen or more years of age at the time of the conduct charged;

"(2) There is probable cause to believe that the child committed the act alleged;

"(3) After an investigation, including a mental and physical examination of the child made by a public or private agency, or a person qualified to make the examination, that there are reasonable grounds to believe that:

"(a) He is not amenable to care or rehabilitation or further care or rehabilitation in any facility designed for the care, supervision, and rehabilitation of delinquent children;

"(b) The safety of the community may require that he be placed under legal restraint, including, if necessary, for the period extending beyond his majority."

any facility designed for the care, supervision, and rehabilitation of delinquent children.''

Juv. R. 30 amplifies the above requirement:

''(E)  In determining whether the child is amenable to the treatment or rehabilitative processes available to the juvenile court, the court shall consider:
''(1)  The child's age and his mental and physical health;
''(2)  The child's prior juvenile record;
''(3)  Efforts previously made to treat or rehabilitate the child;
''(4)  The child's family environment; and
''(5)  School record.''

In this case, the juvenile court made all the determinations required by R.C. 2151.26(A). However, the journal entry relinquishing jurisdiction did not specifically address any of the five factors listed in Juv. R. 30(E). The court of appeals reversed on grounds that the juvenile court failed to consider these five factors.

Neither R.C. 2151.26 nor Juv. R. 30 requires the juvenile court to make written findings as to the five factors listed in Juv. R. 30(E). The rule simply requires the court to *consider* these factors in making its determination on the amenability issue. Although the better practice would be to address each factor, as long as sufficient, credible evidence pertaining to each factor exists in the record before the court, the bind-over order should not be reversed in the absence of an abuse of discretion.[2]

In the case at bar, sufficient, credible evidence on each factor existed in the record before the juvenile court. Documents listing the age of appellee and dealing with his physical and mental health were admitted into evidence at the bind-over proceeding. The lengthy prior juvenile record of appellee was also admitted at the proceeding. Rehabilitative efforts were the subject of testimony at the hearing, as was the family environment of appellee. Finally, appellee's school record was also discussed, albeit in a limited context.

The purpose behind R.C. 2151.26 and Juv. R. 30 is the assessment of the probability of rehabilitating the child within the juvenile justice system. *State v. Adams* (1982), 69 Ohio St. 2d 120, 123 [23 O.O.3d 164]. In *State* v. *Carmichael* (1973), 35 Ohio St. 2d 1 [64 O.O.2d 1], the court recognized the wide latitude that must be given a juvenile court in these proceedings. The *Carmichael* syllabus reads:

''1.  A hearing under R.C. 2151.26 is a preliminary stage of the juvenile judicial process and contemplates that the court should have con-

---

[2] Although not addressed by either party in his brief, Juv. R. 30(G) does not mandate affirmance in this case. Juv. R. 30(G) reads:

''The order of transfer shall state the reasons therefor.''

This rule does not require a written finding on each of the five factors listed in Juv. R. 30(E). The juvenile court sufficiently stated its reasons for appellee's transfer.

siderable latitude within which to determine whether it should retain jurisdiction.

"2. What constitutes 'reasonable grounds' for relinquishing jurisdiction under R.C. 2151.26(A)(3) is within the sound discretion of the court, after an 'investigation' is made."

Further, there is no requirement that each of the five factors be resolved against the juvenile. *State* v. *Oviedo* (1982), 5 Ohio App. 3d 168.

The record before the juvenile court in this case contains sufficient, credible evidence pertaining to each factor listed in Juv. R. 30(E). There has been no showing of an abuse of discretion on the part of the juvenile court.

Accordingly, this court reverses the judgment of the court of appeals and reinstates the appellee's convictions.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.