[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This matter is before the court on appeal from the Erie County Court of Common Pleas. On April 7, 1997, appellant, Michael Smith, was convicted on one count of rape and one count of felonious assault. He received a seven year prison sentence. At sentencing, he was informed that the parole board could increase his sentence up to fifty percent should he commit a crime in prison. According to the record before us, appellant has not yet had his prison sentence extended pursuant to R.C. 2967.11 He now appeals setting forth five assignments of error challenging the constitutionality of R.C. 2967.11, the sentencing statute which provides for "bad time."
Pursuant to 6th Dist.Loc.App.R. 12(C), this case is hereby assigned to the accelerated calendar. Appellant's first five assignments of error are found not well-taken on the authority of this court's decision in State v. Somerlot, et al.
(Jan. 23, 1998), Erie App. No. E-97-02, unreported. Accord, Statev. Davis (Dec. 31, 1997), Miami App. No. 97-CA-17, unreported.
In his sixth assignment of error, appellant contends the court abused its discretion in binding appellant over to the adult court. At the time of appellant's hearing, Juv.R. 30(F) read as follows:
"Determination of amenability to rehabilitation
 "In determining whether the child is amenable to the treatment or rehabilitative processes available to the juvenile court, the court shall consider the following relevant circumstances:
"(1) The child's age and mental and physical condition;
"(2) The child's prior juvenile record;
 "(3) Efforts previously made to treat or rehabilitate the child;
"(4) The child's family environment;
"(5) The child's school record;
 "(6) The specific facts relating to the offense for which probable cause was found, to the extent relevant to the child's physical or mental condition."
A juvenile court's decision of whether to retain or relinquish jurisdiction is discretionary and will not be reversed upon appeal absent an abuse of that discretion. State v. Watson (1989),47 Ohio St.3d 93. A juvenile court has wide latitude in making that determination. State v. Carmichael (1973), 35 Ohio St.2d 1, paragraph one of the syllabus.
Appellant was seventeen years old when he allegedly committed the offenses of rape, kidnaping and felonious assault. A psychologist testified he was of low, average intelligence. He had a prior juvenile record and was on probation at the time of the offense. Appellant had been expelled from school for insubordination. Based on these factors, the court concluded he was not amenable to care or rehabilitation from a facility for delinquent children. Finding no abuse of discretion, appellant's sixth assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.