This matter presents a timely appeal from a judgement rendered by the Mahoning County Common Pleas Court, finding defendant-appellant, Benjamin Nunley, Jr., guilty of one count of rape in violation of R.C. 2907.02(A)(2), along with an attendant firearm specification, two counts of kidnapping in violation of R.C. 2905.01, one having an attendant firearm specification, and two counts of aggravated robbery in violation of R.C. 2911.01, one having an attendant firearm specification.
Around 11:45 P.M. on March 27, 1992, Ethel Smith (Miss Smith), age 31, and her brother, William Smith (Mr. Smith), age 34, were leaving Mar Hill Lanes in Youngstown, Ohio after an evening of league bowling. (Tr. 6-7). As they placed their bowling equipment in the back seat of Miss Smith's automobile, two youths ambushed them, one being appellant. (Tr. 8-9). Appellant cocked a shotgun and pointed it at Mr. and Miss Smith and forced them into the back seat of the vehicle. (Tr. 42). Appellant then drove the vehicle away, with his partner holding the gun on Mr. and Miss Smith. (Tr. 43-44).
While driving to a safer area to further their criminal intentions, appellant and his partner demanded Mr. and Miss Smith's money. (Tr. 44). Appellant then stopped the vehicle and demanded that Mr. Smith get inside the trunk. (Tr. 44-45). Appellant and his partner took turns raping Miss Smith. (Tr. 14-20). They then ordered Miss Smith to get inside of the trunk with Mr. Smith, and they drove around for about two hours, making periodic stops to converse with friends. (Tr. 20-21). Eventually, at around 3:00 or 3:30 A.M., on the morning of March 28, 1992, appellant and his partner released Mr. and Miss Smith and drove away with the vehicle. (Tr. 48). Mr. and Miss Smith found their way to a telephone and eventually received medical treatment. (Tr. 24).
Appellant was apprehended and charged with one count of rape, along with an attendant firearm specification, two counts of kidnapping, each with an attendant firearm specification, and two counts aggravated robbery, each with an attendant firearm specification. The proceedings against appellant were originally commenced in the Mahoning County Juvenile Court, since he was 16 years of age, where the juvenile court found probable cause that appellant had committed the crimes. (Tr. 59). Beginning on or about May 4, 1992, upon motion of the prosecutor, and pursuant to R.C. 2151.26 and Juv.R. 30, the juvenile court conducted a hearing to determine whether it should relinquish jurisdiction over appellant, and he was psychologically evaluated by Dr. J. Grzebieniak. (Judgment Entry filed July 14, 1992, pg. 12). The juvenile court bound appellant over to the Mahoning County Common Pleas Court to be tried as an adult offender. The juvenile court detailed the reasons for relinquishment of jurisdiction in a five page judgement entry filed on July 14, 1992. The judgement entry was not placed in the file or in the docket of the trial court until June 19, 1996. Appellant ultimately pled guilty to all of the charges and one firearm specification. The other firearm specifications were dropped. The trial court sentenced appellant to multiple terms of incarceration and this appeal followed.
Appellant's sole assignment of error on appeal alleges:
 "The judge of the Juvenile Court of Mahoning County, Ohio, denied the defendant-appellant his due process of law when he ordered that the juvenile court relinquish jurisdiction over the defendant and that the defendant be bound over and transferred to the General Division of the Mahoning County Court of Common Pleas to be tried, treated and sentenced as an adult criminal offender."
Appellant correctly notes Kent v. United States (1966),383 U.S. 541, wherein the United States Supreme Court set forth the proper guidelines for the transfer of a minor defendant. First, the juvenile court should issue a statement with its waiver order, setting forth the reasons for the waiver. Kent, supra.
The juvenile court should also make a "full investigation" and give careful consideration to the facts and circumstances of the case. Kent, supra. These requirements are incorporated in both R.C. 2151.26 and Juv.R. 30.
R.C. 2151.26(A)(1) states:
 "* * * the court at a hearing may transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense, after making the following determinations:
 "(a) The child was fifteen years of age or older at the time of the conduct charged;
 "(b) There is probable cause to believe that the child committed the act alleged;
 "(c) After an investigation, including a mental and physical examination of the child made by a public or private agency or a person qualified to make the examination, and after consideration of all relevant information and factors, * * * there are reasonable grounds to believe that:
 "(i) He is not amenable to care or rehabilitation or further care or rehabilitation in any facility designed for the care, supervision, and rehabilitation of delinquent children;
 "(ii) The safety of the community may require that he be placed under legal restraint, including, if necessary, for the period extending beyond his majority.
Juv.R. 30(F), in effect at the time of the underlying offense, listed circumstances which a juvenile court should consider in determining whether a child is amenable to the rehabilitative processes available to the juvenile court including:
 "(1) The child's age and mental and physical condition;
"(2) The child's prior juvenile record;
 "(3) Efforts previously made to treat or rehabilitate the child;
"(4) The child's family environment;
"(5) The child's school record;
 "(6) The specific acts relating to the offense for which probable case was found, to the extent relevant to the child's physical or mental condition."
The first part of appellant's argument hinges on the claim that the juvenile court's statement of its reasoning for transfer was inadequate, violating appellant's right to due process. Appellant cites State v. Whiteside (1982), 6 Ohio App.3d 30,32, which holds that the accompanying statement to a transfer must set forth the basis for the transfer with sufficient specificity to permit meaningful review. Appellant believes that because his criminal record is not as extensive as many others, and because in this case he was not first given a chance at rehabilitation by the Department of Youth Services, the juvenile court improperly denied him a chance to be reformed.
In Whiteside, the court stated that a juvenile court must set forth reasonable grounds for relinquishing jurisdiction. The court went on to quote the guidelines made by the Ohio Supreme Court in State v. Carmichael (1973), 35 Ohio St.2d 1, paragraph 2 of the syllabus, stating:
 "What constitutes 'reasonable grounds' for relinquishing jurisdiction under R.C. 2151.26(A)(3) is within the sound discretion of the court, after an 'investigation' is made."
The Ohio Supreme Court reinforced its decision inCarmichael in State v. Watson (1989), 47 Ohio St.3d 93, 95 andState v. Douglas (1985), 20 Ohio St.3d 34, 37. The Ohio Supreme Court in Douglas, went on to state that a juvenile court must only consider the factors set forth in Juv.R. 30. Although the better procedure would be to address each factor of the rule, a bind-over order will not be reversed if a juvenile court does not address each factor as long as there is sufficient, credible evidence pertaining to each factor in the record before the juvenile court. Douglas supra.
Upon examination of the record it is evident that the juvenile court met the requirements when it issued its written judgment entry filed July 14, 1992. First, the juvenile court met the requirements of R.C. 2151.26(A)(1)(a) and (b) by considering appellant's age (Judgment Entry filed July 14, 1992, 11), and finding probable cause that appellant committed the act alleged. (Tr. 59). The juvenile court then met the requirements of Juv.R. 30(F), in considering appellant's age and mental condition, (Judgment Entry filed July 14, 1992, 11-12), his prior juvenile record, (Judgment Entry filed July 14, 1992, 11), the efforts made to rehabilitate appellant, (Judgment Entry filed July 14, 1992, 11), his family environment (Judgment Entry filed July 14, 1992, 12), and school records, (Judgment Entry filed July 14, 1992, 12). Finally, the juvenile court stated specific facts, including the observations made by Dr. Grzebieniak, regarding the reasonable grounds it had in relinquishing jurisdiction, stating in pertinent part:
 "* * * Despite the so called need and realization for continued treatment, he voluntarily discharged himself, never even attempting to return to the program. It seems he knew when to best ask for help, i.e. when facing a commitment to the Ohio Dept of Youth Services. Perhaps this is consistent with the observations or characterization at the Adolescent Recovery Unit where he was described as possessing 'conning, and street-like behavior.' * * * the fact remains that despite substantial substance abuse treatment he learned little from it. The Court would agree with Dr. Grzebieniak that additional treatment at this time would not likely produce any significant measure of insight or motivation for continued abstinence. As such the likelihood of his aggression and disinhibition by alcohol could again occur. The recent alleged acts indicate how his antisocial behavior has escalated. In addition to these likelihoods the Court must also be aware of the severity of the crime and the community's safety. See State Vs. Watson 47 Ohio St.3d (1989).
 " * * * It is reasonable to consider and conclude that the greater the offense the less likely one could be amenable to rehabilitation in a juvenile setting given the rather minimal time left before the 21st birthday." (Judgment Entry filed July 14, 1992.)
The juvenile court addressed each factor of Juv.R. 30, which the Ohio Supreme Court has found to be the better practice.Douglas supra. Furthermore, the juvenile court made a thorough investigation and thoughtful analysis in its decision to relinquish jurisdiction. Since, under Whiteside, this decision is in the discretion of the court, it cannot be said that from the juvenile court's analysis, it abused its discretion.
Based upon the written statement given by the juvenile court specifying reasonable grounds for relinquishing jurisdiction and Carmichael and Whiteside's finding that such reasonable grounds are in the sound discretion of the court, the first part of appellant's argument fails.
The second part of Appellant's argument alleges that the judgement entry of the juvenile court, stating its reasons for bind-over, was not incorporated into the record until plaintiff-appellee, State of Ohio, filed its brief. Appellant cites the syllabus of State v. Wilson (1995), 73 Ohio St.3d 40, which states that absent a bind-over procedure, the juvenile court retains jurisdiction of the delinquent child. Appellant argues that since the judgment entry is a necessary part of the record, and the record was devoid of it, the Mahoning County Common Pleas Court did not have jurisdiction over him. Therefore, appellant asserts that his guilty plea and conviction is void.
Appellant also relies upon Whiteside, contending that the absence of information from the record prevented a meaningful review, thus violating his right to due process.
It is true that absent a proper bind-over procedure, the juvenile court retains jurisdiction over the child, as stated in Wilson. However, in Wilson, none of the requirements of R.C.2151.26(A) were met. There, the State and the court mistakenly believed that the defendant was eighteen years old, when he was actually only seventeen, and he was convicted and sentenced by the common pleas court, without first being bound over by the juvenile court. Wilson supra. The court did not conduct an investigation or comply with any of the requirements of R.C.2151.26 or Juv.R. 30. Wilson supra. Here, there is no mistake as to the age of appellant. The juvenile court conducted an investigation and gave a specific statement of the reasons for its relinquishment. Therefore, there was a proper bind-over procedure and the juvenile court did effectively relinquish its jurisdiction over appellant.
Whiteside requires the reviewing court have a statement of the reasons motivating the juvenile court's relinquishment so that it may conduct a meaningful review. Whiteside also citesKent in defining a meaningful review as one which the reviewing court actually reviews the case and does not use assumptions. In Whiteside, the reviewing court had a transcript of all of the evidence, including reports of the investigation conducted by the trial court. Here, as in Whiteside, the judgement entry and transcripts of the hearing are before the reviewing court. Although the judgement entry was not placed into the file or in the docket until June 6, 1996, it was available for the reviewing court to make a meaningful review as defined under Whiteside. Both R.C. 2309.59 and Crim.R. 52(A) state that an error which does not affect the substantial rights of a party shall be disregarded. The delay did not affect any substantial rights of appellant and is a harmless error under R.C. 2309.59 and Crim.R. 52(A).
Based upon the juvenile court's procedure and written statement specifying the reasons for the relinquishment of jurisdiction, the Mahoning County Common Pleas Court had proper jurisdiction and appellant's due process right was not infringed. Therefore, the second part of appellant's argument fails.
Appellant's sole assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Waite, J., concurs.
APPROVED:
 _________________________ EDWARD A. COX, JUDGE