DECISION AND JUDGMENT ENTRY
On October 24, 1999, Stacey Kynard stayed overnight at the Oak Place Court apartments in Lucas County, Ohio. Sometime during the night, $1,000 worth of stereo equipment was stolen from Kynard's car. He called the police and filed a crime report. Later in the day, Kynard received information from a friend of the Stasher family who resided at the complex. The friend told Kynard that the Stasher brothers had been involved in the theft of his stereo equipment. Kynard went to the Stasher apartment where he confronted appellant, Kentrale Stasher. Kentrale Stasher told Kynard that another neighbor had stolen the equipment. When Kynard went to the neighbor's apartment, he found out the neighbor could not have been the thief since he had been in jail for the past four months.
On October 27, 1999, Kynard was again visiting the Oak Place Court apartments when he was confronted by Stacie Stasher. Stacie Stasher was angry that Kynard had accused her boyfriend along with her brothers of stealing his stereo equipment. Minutes later, Stacie was joined by her brothers Jason, Vincent and Kentrale Stasher. An argument ensued. Kynard saw Kentrale Stasher pull a sawed-off shotgun out from under his coat and point it at Kynard. Kynard hid behind a parked car as Kentrale Stasher shot at him. Kynard then ran away from Kentrale Stasher as Stasher continued shooting. Kynard escaped the gun fire by climbing over a fence. Two young boys playing in the field received minor injuries from shotgun pellets fired from Kentrale Stasher's gun.
October 28, 1999, appellant, age seventeen, was charged in juvenile court with three counts of felonious assault, felonies of the second degree if committed by an adult. On November 8, 1999, the juvenile court held a hearing to determine if appellant was amenable to rehabilitation in the juvenile system and to determine if the case should be transferred to the Common Pleas Court, General Division. On December 23, 1999, the juvenile court filed a judgment entry binding the case over to the General Division so that appellant could be tried as an adult.
On January 10, 2000, appellant was indicted on two counts of felonious assault with two firearm specifications and one count of unlawful possession of a dangerous ordnance, a fifth degree felony. Appellant entered a not guilty plea to the indictment. On April 26, 2000, a jury found him guilty on all counts. He was sentenced to five years in prison. Appellant now appeals setting forth the following assignments of error:
 "I. THE JUVENILE COURT ABUSED ITS DISCRETION IN TRANSFERRING JURISDICTION TO THE ADULT COURT WHEN (1) EVIDENCE ADDUCED AT THE CERTIFICATION HEARING DID NOT PROVIDE PROBABLE CAUSE TO BELIEVE THAT APPELLANT COMMITTED FELONIOUS ASSAULT UPON MICHAEL GOODELL; (2) EVIDENCE DID NOT SUPPORT THE COURT'S FINDING THAT APPELLANT WAS NOT AMENDABLE TO REHABILITATION; AND (3) THE COURT DID NOT COMPLY WITH JUV.R. 30(G) REQUIRING THAT IT MAKE FINDINGS OF FACT IN SUPPORT OF ITS CONCLUSION THAT APPELLANT WAS NOT AMENABLE TO REHABILITATION.
 "II. THE TRIAL COURT WRONGLY DENIED APPELLANT'S REQUEST TO CHARGE THE JURY ON THE LESSER INCLUDED OFFENSE OF NEGLIGENT ASSAULT."
In deciding whether to relinquish its jurisdiction, the juvenile court enjoys a wide latitude of discretion. State v. Carmichael (1973),35 Ohio St.2d 1, paragraph one of the syllabus. In reviewing the juvenile court's decision to permit the state to prosecute * * * [a juvenile] as an adult, the test is not whether we would have reached the same result upon the evidence before the juvenile court; the test is whether the juvenile court abused the discretion confided in it. As the Supreme Court of Ohio has held, `[t]he term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' State v. Adams (1980),62 Ohio St.2d 151. Accordingly, we must review the juvenile court's decision to determine whether it was unreasonable, arbitrary, or unconscionable." State v. Hopfer (1996), 112 Ohio App.3d 521, 535.
Juv.R. 30(C) governs discretionary transfers of jurisdiction from the juvenile division to the general division of a common pleas court in Ohio. Juv.R. 30(C) provides:
 "(C) Discretionary transfer. In any proceeding in which transfer of a case for criminal prosecution is permitted, but not required, by statute, and in which probable cause is found at the preliminary hearing, the court shall continue the proceeding for full investigation. The investigation shall include a mental examination of the child by a public or private agency or by a person qualified to make the examination. When the investigation is completed, an amenability hearing shall be held to determine whether to transfer jurisdiction. The criteria for transfer shall be as provided by statute."
The statute that sets forth the criteria for transfer is R.C. 2151.26
which provides, in pertinent part:
 "(C)(1) Except as provided in division (B) of this section and subject to division (C)(4) of this section, after a complaint has been filed alleging that a child is a delinquent child for committing an act that would be a felony if committed by an adult, the court at a hearing may transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense, after considering the factors specified in division (C)(2) of this section and after making all of the following determinations:
 "(a) The child was fourteen years of age or older at the time of the act charged.
 "(b) There is probable cause to believe that the child committed the act charged.
 "(c) After an investigation, including a mental examination of the child made by a public or private agency or a person qualified to make the examination, and after consideration of all relevant information and factors, including any factor required to be considered under division (C)(2) of this section, that there are reasonable grounds to believe that both of the following criteria are satisfied:
 "(i) The child is not amenable to care or rehabilitation or further care or rehabilitation in any facility designed for the care, supervision, and rehabilitation of delinquent children.
 "(ii) The safety of the community may require that the child be placed under legal restraint, including, if necessary, for the period extending beyond the child's majority.
 "(2) Subject to division (C)(4) of this section, when determining whether to order the transfer of a case for criminal prosecution to the appropriate court having jurisdiction of the offense pursuant to division (C)(1) of this section, the court shall consider all of the following factors:
in favor of ordering the transfer of the case:
* * *
 "(b) A victim of the act charged sustained physical harm to the victim's person during the commission of or otherwise as a result of the act charged.
 "(c) The act charged is not a violation of section 2923.12 of the Revised Code, and the child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged."
In his first assignment of error, appellant contends the juvenile court erred in finding that there was probable cause to believe appellant committed the offenses and that appellant is not amenable to rehabilitation.
Probable cause is defined in terms of "facts or circumstances `sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense.'" Gerstein v. Pugh (1975),420 U.S. 103, 111, 95 S.Ct. 854, 861, quoting Beck v. Ohio (1964),379 U.S. 89, 91, 85 S.Ct. 223, 225. The elements of felonious assault, a violation of R.C. 2903.11, are as follows:
"(A) No person shall knowingly do either of the following:
 "(1) Cause serious physical harm to another or to another's unborn;
 "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
At the probable cause hearing, Stacy Kynard testified that appellant pointed a shotgun at him and attempted to shoot him. Detective Stooksbury of the Lucas County Sheriff's Department testified that she investigated the incident at the Oak Grove apartments on October 27, 1999. Detective Stooksbury testified that appellant admitted that he pulled a shotgun on Kynard and fired. However, appellant alleged that Kynard had displayed a gun first. Detective Stooksbury also testified that she interviewed two young boys who were hit with shotgun pellets while in the same area where appellant admitted to shooting a gun. According to Stooksbury, eight witnesses claimed they never saw Kynard with a gun.
Based on the testimony at the probable cause hearing, we conclude that the juvenile court did not err in finding that there was probable cause to believe appellant committed the offense of felonious assault.
Appellant next contends the court erred in finding that appellant was not amenable to rehabilitation. In support, appellant notes that he had no prior juvenile record prior to this incident and that he showed no signs of a drug or alcohol problem. Although appellant had dropped out of high school, he planned on pursuing his GED.
We have considered these factors along with the psychiatrist's mental evaluation of appellant. We hold that because of the deliberate, violent nature of appellant's offenses and his disregard for the other people he put in danger, the court did not err in finding that appellant was not amenable to rehabilitation. Appellant's assignment of error is found not well-taken.
In his second assignment of error, appellant contends that the court erred in failing to instruct the jury on the lesser included offense of negligent assault.
When an instruction on a lesser-included offense is requested, the instruction "is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v. Thomas (1988),40 Ohio St.3d 213. The elements of negligent assault, a violation of R.C. 2903.14(A), are as follows: "No person shall negligently, by means of a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code, cause physical harm to another or to another's unborn."
As discussed above, felonious assault under R.C. 2903.11(A)(2) requires that the offender knowingly cause serious physical harm to another by means of a deadly weapon or ordnance, while negligent assault under R.C.2903.14 requires that the offender negligently cause physical harm to another by use of a deadly weapon or dangerous ordnance. R.C. 2901.22(B) states:
 "[A] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
R.C. 2901.22(D) states:
 "A person acts negligently when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that his conduct may cause a certain result or may be of a certain nature. A person is negligent with respect to circumstances when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that such circumstances may exist."
The evidence at trial showed that appellant intentionally fired a gun several times at Stacey Kynard in an open field where children were playing. Based on this evidence, we cannot say the court erred in failing to instruct the jury on the lesser included offense of negligent assault. Appellant's second assignment of error is found not well-taken.
Finding no abuse of discretion by the Juvenile Court and no error on the part of the Lucas County Court of Common Pleas in instructing the jury, we affirm the judgment of the Lucas County Court of Common Pleas. Costs assessed to appellant.
 ________________________ Peter M. Handwork, JUDGE
Melvin L. Resnick, J. and James R. Sherck, J. CONCUR.