OPINION JUDGMENT ENTRY
{¶ 1} This is an appeal from the Fairfield County Common Pleas Court which accepted a plea of guilty pursuant to agreement to one count each of rape, burglary and kidnapping in exchange for the dismissal of additional charges of rape and abduction
{¶ 2} Appellant was sentenced to nine years incarceration on the rape charge, five years on the kidnapping and four years on the burglary, each sentence being consecutive.
{¶ 3} As Appellant was 15 years of age at the time of the offenses, and therefore was first directed to the juvenile court. Appellant stipulated to probable cause as to consideration of binding him over to the general division to be tried as an adult.
{¶ 4} A hearing in Juvenile Court occurred on September 30, 2002. Psychological experts were at that time appointed.
{¶ 5} On November 1, 2002, a hearing was commenced as to his amenability to treatment and rehabilitation.
{¶ 6} Thereafter, at a subsequent hearing, the court determined that he was not so amenable and issued the bind over order.
 STATEMENT OF THE FACTS AND CASE
{¶ 7} The facts indicate that Appellant went to the home of Shirley Nowak, a 64-year-old grandmother, whom he knew and indicated he needed help.
{¶ 8} After entering, he closed and chained the door, raped, threatened and molested her over a three-hour period, during which she experienced chest pains and asked for a 911 emergency call, which he ignored.
{¶ 9} Upon leaving, he wished her a "good day".
{¶ 10} Appellant had committed prior felony offenses of vandalism and theft, served probation, but had not been incarcerated previously.
{¶ 11} The Assignments of Error are:
 ASSIGNMENT OF ERROR
{¶ 12} "I. The trial court committed harmful error accepting the plea of the defendant-appellant and imposing sentence upon the defendant-appellant when the court lacked the jurisdiction to hear the case or to treat the minor child as an adult.
{¶ 13} "II. The trial court committed harmful error in sentencing the defendant-appellant to consecutive sentences herein."
 I.
{¶ 14} In addressing the First Assignment, it is necessary to review the action taken after evidence was received in the juvenile court. The findings of such court as to the bindover were:
{¶ 15} "1. These acts constituted very serious offenses and were allegedly committed in a horrendous manner. The victim suffered physical and psychological harm as a result of the alleged acts.
{¶ 16} "2. The physical harm suffered by the victim due to the alleged act of the child was exacerbated because of the age of the victim.
{¶ 17} "3. The child's relationship with the victim facilitated the act charged.
{¶ 18} "4. Although the child had no firearm, the child allegedly threatened the victim at the time of the acts charged with a pair of pliers to scar her for life.
{¶ 19} "5. Although the child was not on probation at the time of the acts, the child had previously been adjudicated for two offenses as a juvenile: felony vandalism and felony theft in 1966 and 2001, respectively, for which he had received suspended Department of Youth Services commitments and a number of sanctions including 20 days in the LABOR Program, house arrest, theft offender class, probation, in-court reviews, fines, costs and anger management.
{¶ 20} "(6) Despite some evidence to the contrary, the Court finds that due to the seriousness of the acts charged there is not sufficient time to rehabilitate the child within the juvenile system.
{¶ 21} "(7) The child has had many behavioral problems in school and out-of-school suspension.
{¶ 22} "The juvenile court made the following Conclusions of Law:
{¶ 23} "Based on the totality of the evidence, the Court finds the following:
{¶ 24} "(1) The child was fifteen (15) years of age at the time of the acts charged.
{¶ 25} "(2) There is probable cause to believe that the child committed the acts charged.
{¶ 26} "(3) That the child is not amenable to care or rehabilitation within the juvenile system.
{¶ 27} "(4) The safety of the community may require that the child be subject to adult sanctions, having found that the facts favoring transfer greatly outweigh the facts against the transfer as cited in § 2152.12."
{¶ 28} These findings of fact and conclusions of law comply with the standards of R.C. 2152.12.
{¶ 29} While Appellant concedes that the procedural requirements of the Revised Code and Juvenile Rules were followed and that the bind over was discretionary with the Juvenile Court, he argues lack of jurisdiction to try Appellant as an adult, but then argues abuse of discretion rather than jurisdiction.
{¶ 30} It is clear that because the statutory findings and reasons therefore and the admission that the discretionary authority for a bindover existed at the Juvenile Court, jurisdiction existed and we are not examining the actions of such court on the basis of jurisdiction but rather on whether an abuse of discretion occurred.
{¶ 31} While not presented strictly speaking as an assignment of error, the review by this court is such that in order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. The totality of the circumstances in the case sub judice determines whether the trial court did act unreasonably, arbitrarily or unconscionably.
{¶ 32} Essentially, the aspects of R.C. 2152.12 which are relevant are subsection (B)(3) and (E)(8), which state:
{¶ 33} "The child is not amenable to care or rehabilitation within the juvenile system, and the safety of the community may require that the child be subject to adult sanctions. In making its decision under this division, the court shall consider whether the applicable factors under division (D) of this section indicating that the case should be transferred outweigh the applicable factors under division (E) of this section indicating that the case should not be transferred. The record shall indicate the specific factors that were applicable and that the court weighed.
{¶ 34} "There is sufficient time to rehabilitate the child within the juvenile system and the level of security available in the juvenile system provides a reasonable assurance of public safety."
{¶ 35} The court heard testimony from two experts as to whether Appellant was amenable to rehabilitation and whether sufficient time, prior to age 21, existed to effect rehabilitation. Such experts were Dr. Bradley Hodges and Dr. Jolie Brahms.
{¶ 36} These experts disagreed on such issues at the juvenile amenability hearings.
{¶ 37} Dr. Hedges testified:
{¶ 38} "Um, as I wrote in my report, it is my opinion with reasonable psychological certainty that Andrew Tooill may be able to benefit from the intervention strategies available through the Juvenile Court system, but is unlikely to avail himself to these interventions. Prognosis for future criminal activity is viewed as moderate to high.
{¶ 39} "I think in this case, there are a couple of factors that, uh, impede the likelihood of that working successfully. Um, the, the first is that, uh, it appears that Andrew has had a number of opportunities to participate in various treatment services over the course of the years and, uh, that he is not really engaged in those processes very effectively.
{¶ 40} "Uh, pscyhothopathy [SIC], there's a whole range of terms that account for that; they're basically criminals. Uh, persons who have childhood onset, in other words, as defined by the Diagnostic and Statistical Manual, Fourth Edition, have an onset prior to age ten, um, those probabilities are more than doubled. In other words, the likelihood is in the 70 to 90 percent range. Uh, again, depending on what piece of literature you choose to select on that, but as a, as a whole, the literature says that folks who have early onset, uh, or childhood onset Conduct Disorder have a very high probability of continuing criminal behavior.
{¶ 41} "So, combining the Conduct Disorder with treatment noncompliance with um, kind of the, uh, the nature of the index identified offense, um, it doesn't appear likely that he will, um, comply with the treatment services at a level that is necessary in order to mediate those risks significantly."
{¶ 42} Dr. Hedges did respond to the following question by stating:
{¶ 43} "Is it fair to, um, paraphrase what you, you've indicated as if he were to take advantage of services that could be offered in DYS or through the juvenile system that it is possible that he could be rehabilitated in the five year period of time that is available prior to his 21st birthday."
{¶ 44} "Yes."
{¶ 45} But he further testified:
{¶ 46} "And the diagnosis of Conduct Disorder which simply indicates that folks with that diagnosis typically do not avail themselves of treatment services."
{¶ 47} In contrast, Dr. Brahms opined at page 72-73:
{¶ 48} "Uh, my opinion, based upon my extensive evaluation of Andy, my evaluation of his parents, my review of records, my observations of him in the correctional facility and my discussion with the staff, um, my opinion, uh, within a reasonable degree of psychological certainty, is that Andy can be rehabilitated in the Department of Youth Services and should be rehabilitated there."
{¶ 49} In considering whether an abuse of discretion occurred, we must rely upon the judgment of Judge Williams after presentation of such testimony along with that of the various lay witnesses:
{¶ 50} The trier of fact has the principal responsibility for determining the credibility of the witnesses and the relative weight attributable to their testimony. State v. Jamison
(1990), 40 Ohio St.3d 182, certiorari denied (1990),498 U.S. 881.
{¶ 51} The consideration of the weight to be given to testimony also applies to that of experts.
{¶ 52} The Ohio Supreme Court in State v. Douglas (1985),20 Ohio St.3d 34:
{¶ 53} "In juvenile court proceeding to consider relinquishment of jurisdiction to general division, better practice would be to address each of five factors listed in Juvenile Procedure Rule 30(E) pertaining to amenability to treatment or rehabilitative processes, but as long as sufficient, credible evidence pertaining to each factor exists in record before court, the bind-over order should not be reversed in absence of abuse of discretion. R.C. §§ 2151.26, 2151.26(A)."
{¶ 54} Also, Appellant has acknowledged the procedural correctness in Juvenile Court.
{¶ 55} In conclusion, we reject the First Assignment of Error and find that jurisdiction rested in the Juvenile Court and that no abuse of discretion occurred.
 II.
{¶ 56} In considering the Second Assignment of Error, we are guided by the Ohio Supreme Court in State v. Comer (2003),99 Ohio St.3d 463:
{¶ 57} "While consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences, and these findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision."
{¶ 58} "Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."
{¶ 59} R.C. 2929.14 (E)(4) provides:
{¶ 60} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
{¶ 61} "(a) * * *
{¶ 62} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
{¶ 63} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
{¶ 64} The court, first reviewed the facts of the crimes and the effect on the victim as to the imposition of incarceration (Sentencing Transcript 84-86).
{¶ 65} It then referenced these facts in considering the imposition of consecutive as opposed to concurrent sentences and stated (Sentencing Transcript 96-100):
{¶ 66} "Now, turning to the issue of whether these sentences can be or should be concurrent or consecutive, Section 2929.14 of the Ohio Revised Code addresses again some factors that the Court is required to consider in determining whether to impose consecutive or default to the concurrent sentences. That code section states in part: If multiple prison terms are imposed on an offender — which in this case they have been — for convictions of multiple offenses — which there are multiple offenses — the Court may require the offender to serve the prison terms consecutively if the Court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the Court also finds any of the following. And one of the following is: At least two of the multiple offenses were committed as a part of one or more courses of conduct, and the harm committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
{¶ 67} "Breaking that down — going back and breaking that wording down, the Court is to look at, again, if there were multiple terms — there are; if there were multiple offenses — there are. We have the rape, burglary — aggravated burglary and kidnapping.
{¶ 68} "In this case, the Court finds that consecutive sentences is necessary to protect the public from future crimes. Specifically, you've had a history of prior criminal conduct as a juvenile. The offenses for which you have committed are, as I stated, serious in and of themselves. And the manner in which the offenses were committed and over the period of time with which they were committed is of great concern to the Court about protecting, again, not only Ms. Nowak, but the public from future crime.
{¶ 69} "And it says, or to punish the offender. In this case, the seriousness of the offenses in and of themselves, but the facts and circumstances, as I previously outlined, for these particular offenses that were committed, in the Court's opinion, required consecutive sentences, and that the sentences are not disproportionate to the seriousness of the offender's conduct, and the danger the offender poses to the public.
{¶ 70} "In this case, the Court finds that consecutive sentences are not disproportionate to the seriousness of the offenses. In other words, I believe that they adequately reflect the seriousness of the offenses. If the Court were to impose sentence concurrently under the facts and circumstances of this case, I believe that it would be less or disproportionate to the seriousness of the conduct and the danger to which you currently pose to the public.
{¶ 71} "I also find that at least two of the multiple offenses — in fact, all three of these offenses were committed as one course of conduct and that the harm caused by the offenses, by the multiple offenses, was so great — I don't know that the harm can be characterized as unusual. And that's not diminishing the Court's attitude or seriousness about how serious the harm was. But the Court finds that the harm caused here was great. There was a 64-year-old victim in the case who is essentially still suffering physically and psychologically from this. And it will no doubt affect her for many of the rest of the years of her life.
{¶ 72} "The Court finds that no single term of imprisonment for these offenses and the course of conduct adequately reflects the seriousness of your conduct."
{¶ 73} We therefore find that the court has clearly given its reasons in support of the consecutive sentences imposed as required by State v. Comer, supra.
{¶ 74} We therefore find the Second Assignment of Error not well taken.
{¶ 75} This cause is affirmed at Appellant's costs.
Judgment affirmed.
Boggins, J., Wise, P.J., Edwards, J. concurs.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Common Pleas Court, Lancaster, Ohio, is affirmed. Costs assessed to Appellant.