[Cite as *State v. Pryor*, 2018-Ohio-2985.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170334 |
| | | TRIAL NO. B-1602737 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| RALPH PRYOR, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 27, 2018


*Alex Scott Havlin,* Assistant Hamilton County Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, *Joshua A. Thompson* and *Julie Kahrs Nessler*, Assistant Public Defenders, for Defendant-Appellant.

**DETERS, Judge.**

{¶1} Defendant-appellant Ralph Pryor appeals his weapons-under-disability conviction, which resulted from the transfer of his case from juvenile court to the common pleas court. Because we determine that his challenges to the bindover process and to the use of a prior juvenile adjudication as the basis for his conviction lack merit, we affirm.

{¶2} Pryor's case originated in juvenile court with a complaint alleging that Pryor was delinquent for committing what would have been felonious assault and having weapons under a disability, if those offenses had been committed by an adult. The state sought relinquishment of the juvenile court's jurisdiction under R.C. 2152.12. After holding an amenability hearing, the juvenile court granted the state's motion and transferred the case to adult court. In the common pleas court, the state dismissed the felonious-assault charges, and Pryor pleaded no contest to having weapons while under a disability. The basis for Pryor's disability was a prior juvenile adjudication. The trial court sentenced Pryor to two years of community-control sanctions.

{¶3} In Pryor's first assignment of error, he argues that the juvenile court failed to comply with R.C. 2152.12 and Juv.R. 30(G) in transferring his case to the common pleas court, and that this failure also violated his due-process rights. An unlawful bindover proceeding relates to the subject-matter jurisdiction of the common pleas court to try the juvenile as an adult. *State v. Amos*, 1st Dist. Hamilton No. C-150265, 2016-Ohio-1319, ¶ 28.

{¶4} Before transferring a case from juvenile court to adult court in a discretionary-bindover proceeding, the juvenile court must find that the juvenile "is

2

not amenable to care or rehabilitation within the juvenile system, and the safety of the community may require that the child be subject to adult sanctions." R.C. 2152.12(B)(3). In making an amenability determination, the juvenile court must consider whether the factors in favor of transfer as provided in R.C. 2152.12(D) outweigh the factors against transfer as provided in R.C. 2152.12(E). *Id.* "The record shall indicate the specific factors that were applicable and that the court weighed." *Id.*

{¶5} R.C. 2152.12(D) provides that the juvenile court must consider the following relevant factors in favor of transfer, as well as any other relevant factors:

(1) The victim of the act charged suffered physical or psychological harm, or serious economic harm, as a result of the alleged act. (2) The physical or psychological harm suffered by the victim due to the alleged act of the child was exacerbated because of the physical or psychological vulnerability or the age of the victim. (3) The child's relationship with the victim facilitated the act charged. (4) The child allegedly committed the act charged for hire or as a part of a gang or other organized criminal activity. (5) The child had a firearm on or about the child's person or under the child's control at the time of the act charged, the act charged is not a violation of section 2923.12 of the Revised Code, and the child, during the commission of the act charged, allegedly used or displayed the firearm, brandished the firearm, or indicated that the child possessed a firearm. (6) At the time of the act charged, the child was awaiting adjudication or disposition as a delinquent child, was under a community control sanction, or was on

parole for a prior delinquent child adjudication or conviction. (7) The results of any previous juvenile sanctions and programs indicate that rehabilitation of the child will not occur in the juvenile system. (8) The child is emotionally, physically, or psychologically mature enough for the transfer. (9) There is not sufficient time to rehabilitate the child within the juvenile system.

{¶6} R.C. 2152.12(E) provides that the juvenile court must consider the following relevant factors against transfer, as well as any other relevant factors:

(1) The victim induced or facilitated the act charged. (2) The child acted under provocation in allegedly committing the act charged. (3) The child was not the principal actor in the act charged, or, at the time of the act charged, the child was under the negative influence or coercion of another person. (4) The child did not cause physical harm to any person or property, or have reasonable cause to believe that harm of that nature would occur, in allegedly committing the act charged. (5) The child previously has not been adjudicated a delinquent child. (6) The child is not emotionally, physically, or psychologically mature enough for the transfer. (7) The child has a mental illness or intellectual disability. (8) There is sufficient time to rehabilitate the child within the juvenile system and the level of security available in the juvenile system provides a reasonable assurance of public safety.

{¶7} R.C. 2152.12(I) states that "[u]pon the transfer of a case * * * the juvenile court shall state the reasons for the transfer on the record[.]" Similarly, Juv.R. 30(G) states: "The order of transfer shall state the reasons for transfer."

{¶8} In this case, the juvenile court's transfer order states that "after weighing all applicable factors, that the factors in favor of transfer outweigh the factors against transfer, as contained in the Court's Discretionary Transfer Findings, which are incorporated by reference herein." The entry later states that "[t]he reasons for the transfer were stated on the record." The juvenile court attached to its transfer order a checklist, which listed the factors in R.C. 2152.12(D) and (E). The checklist was blank, except for the juvenile judge's signature.

{¶9} According to Pryor, the juvenile court's conclusory statement in the transfer order that Pryor was not amenable to care or rehabilitation within the juvenile system and that the safety of the community may require adult sanctions violates R.C. 2152.12 and Juv.R. 30(G), because the order does not state the reasons for transfer. *See State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 337, 686 N.E.2d 267 (1997) (a trial court "speaks only through its journal * * *."). Pryor further argues that the juvenile court's conclusory amenability determination violated his due-process rights. *See Kent v. United States*, 383 U.S. 541, 560, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).

{¶10} The Ohio Supreme Court has held that former R.C. 2151.26, now R.C. 2151.12, and Juv.R. 30 do not require written findings. *See State v. Douglas*, 20 Ohio St.3d 34, 485 N.E.2d 711 (1985). Other appellate districts have followed *Douglas* in holding that R.C. 2151.12 does not require a juvenile court to issue written findings regarding the reasons for transfer. *See State v. Erwin*, 10th Dist.

5

Franklin No. 09AP-918, 2012-Ohio-776, ¶ 14; *State v. Blair*, 5th Dist. Stark No. 2016CA00180, 2017-Ohio-5865, ¶ 32. Here, the juvenile court orally stated its specific reasons for transfer at the May 19, 2016 hearing. At the hearing, the juvenile court stated that Pryor had been afforded multiple rehabilitative services through the juvenile court as a result of prior delinquency cases, and that he had used a gun during the commission of the acts in the complaint. *See* R.C. 2152.12(D)(5) and (7). Ultimately, the juvenile court determined that Pryor should be tried in adult court for the safety of the community, given the nature of the charges. *See* R.C. 2152.12(B)(3). Therefore, we determine that the juvenile court complied with the relevant statutes in this discretionary-transfer proceeding, and the juvenile court's decision to relinquish jurisdiction was not an abuse of discretion. *See State v. Golphin*, 81 Ohio St.3d 543, 546, 692 N.E.2d 608 (1998).

{¶11} We overrule Pryor's first assignment of error.

{¶12} In his second assignment of error, Pryor argues that the use of his prior juvenile adjudication as the basis for his weapons-under-disability conviction violates due process, because juveniles are not afforded the constitutional right to a jury trial. This court has repeatedly rejected the same argument. *See State v. Carney*, 1st Dist. Hamilton No. C-160660, 2017-Ohio-8585; *State v. Barfield*, 2017-Ohio-8243, 87 N.E.3d 233 (1st Dist.), *appeal allowed*, 152 Ohio St.3d 1420, 2018-Ohio-923, 93 N.E.3d 1002; *State v. Carnes*, 2016-Ohio-8019, 75 N.E.3d 774 (1st Dist.), *appeal allowed*, 150 Ohio St.3d 1429, 2017-Ohio-7567, 81 N.E.3d 1271. Following our precedent, we overrule Pryor's second assignment of error.

{¶13} The judgment of the trial court is affirmed.

Judgment affirmed.

**MOCK, P.J.,** and **MILLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.